McDonald, j.
12This is an appeal of a workers’ compensation case. The issue presented on appeal is whether LAC Title 40, Pt. 1, § 1703, rather than La. R.S. 22:1267, applies to the cancellation of a workers’ compensation insurance policy for nonpayment of premium. After a de novo review, we find that La. R.S. 22:1267 applies. For that reason, we affirm the judgment of the Office of Workers’ Compensation.
FACTS AND PROCEDURAL HISTORY
Edward Jones worked as a project manager for Clesi Foundations, L.L.C. Mr. Jones filed a disputed claim for compensation against Clesi Foundations, asserting that he was injured on ,the job on October 26, 2012, around 1:00 p.m. Mr. Jones received no answer to the suit and obtained a default judgment in his favor on September 18, 2013. After Clesi Foundations failed to pay the amounts. awarded, Mr. Jones filed a motion to enforce the judgment, to hold Clesi Foundations in contempt, for acceleration of benefits, and for penalties and attorney fees. After a hearing at which Clesi Foundations failed to appear, the Office of Workers’ Compensation rendered judgment on March 11,2014, granting Mr. Jones , accelerated, benefit payments and a- lump sum benefit pay *534 ment, as well as penalties and attorney fees.
Thereafter, Mr. Jones discovered that Clesi Foundations’ workers’ compensation coverage was underwritten by American Interstate Insurance Company (American Interstate), and on March 25,2014, he filed a supplemental and amended disputed claim for workers’ compensation against American Interstate. American Interstate filed an answer maintaining that it did not insure Clesi Foundations at the time of Mr. Jones’ accident, and asking that the claim be dismissed.
Thereafter, Mr. Jones filed a motion for summary judgment, asserting that subsequent to the rulings by the Office of Workers’ Compensation, Mr. Jones ^discovered that American Interstate provided workers’ compensation insurance coverage to Clesi Foundations during the time that he was injured, and that while American Interstate had sent notice of cancellation of the policy on October 10, 2012 to Clesi Foundations advising that failure to pay the monthly premium would result in cancellation of the workers’ compensation policy effective October 25, 2012 at 12:01 a.m., American Interstate failed to send written notification of the cancellation to the Office of Workers’ Compensation or the Commissioner of Insurance, as required by LAC Title 40, Pt. 1, § 1703. Mr. Jones maintained that the policy cancellation was thus unenforceable, and he was entitled to judgment in his favor as a matter of law.
American Interstate filed a cross motion for summary judgment, asserting that the policy was cancelled at 12:01 a.m. on October 25, 2012 for failure to pay the premiums. American Interstate maintained that it was entitled to judgment in its favor as a matter of law.
After a hearing, the workers’ compensar tion judge denied Mr. Jones’s motion for summary judgment and granted American Interstate’s motion for summary judgment, finding that Clesi Foundations “did not have in effect a workers’ compensation insurance policy with American Interstate Insurance when the alleged work accident occurred.” American Interstate was dismissed from the suit. Mr. Jones appealed that judgment.
THE APPLICABLE LAW AND ANALYSIS
On a motion for summary judgment, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966B(2).
LA denial of a motion for summary judgment in whole or in part is an interlocutory judgment that is not appealable. Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C., 06-0992 (La.App. 1 Cir. 3/23/07), 960 So.2d 939, 940. However, a review of the trial court’s denial of Mr. Jones’ cross motion for summary judgment is appropriate because the issues involved are identical to those presented by the grant of American Interstate’s motion for summary judgment. Board of Sup’rs. of Louisiana State University v. Louisiana Agr. Finance Authority, 07-0107 (La.App. 1 Cir. 2/08/08), 984 So.2d 72, 78, n. 1.
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. *535 Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.
Mr. Jones relies upon LAC Title 40, Pt. 1, § 1703, to support his claim that the workers’ compensation coverage' was still effective at the time of his injury. He asserts that this rule is more particular than the applicable statute, La. R.S. 22:1267, and thus it applies to this case. Louisiana Administrative Code Title 40, Pt. I, § 1703, provides:
A. Any insurance carrier desiring to cancel or terminate an insurance policy before the expiration date stated in the policy shall be required to give 20 days prior notice thereof in writing to the Office of Workers’ Compensation, the employer, and the Louisiana commissioner of insurance.
B. The employer whose policy has been cancelled or terminated shall, on or before the twentieth day after receipt of the notice of cancellation or termination, file evidence with the Office of Workers’ Compensation of having obtained other-coverage in accordance with the Act. Failure on the part of the employer to file such evidence within 20 days shall be considered by the Office of Workers’ Compensation as prima facie evidence of violation and subject the |5employer to the penalties prescribed under R.S. 23:1170 of the Act (Effective' July 1, 1989).
However, at the time the Clesi Foundations’ workers’ compensation policy, was cancelled for nonpayment of premiums, La. R.S. 22:1267 provided:[1]
A. This Section shall apply to commercial property insurance policies, commercial automobile insurance policies, commercial multi-peril insurance policies, workers’ compensation insurance, professional errors and omissions policies,, and commercial liability insurance policies, other than aviation and employers’ liability insurance policies. It shall not apply to reinsurance, excess and surplus lines insurance, residual market risks, multistate location risks, policies subject to retrospective rating plans, excess or umbrella policies, and such other policies that are exempted by the commissioner of insurance.
B. For, the purposes of this Section, the following terms shall mean:
(1) “Cancellation” means termination of a policy at a date other than its-expiration date. .
(2) “Expiration date” means the date upon which coverage under a policy ends. It also means, for a policy written for a term longer than one year or with no fixed expiration date, each annual anniversary date of such policy.
(3) “Nonpayment of premium” means the failure or inability of the named insured to discharge any obligation in connection with the payment of premi-urns on .a policy of insurance subject to this regulation, whether such payments are payable directly, to the insurer or its producer or -indirectly payable under a premium finance plan or extension. of credit.
(4) “Nonrenewal” means termination of a policy at its expiration date. .
(5) “Renewal” or “to-renew” means the' issuance of or the offer-to issue by the insurer a policy succeeding a policy previously issued and delivered by the same insurer or an insurer -within the same group of insurers, or the issuab.ce of a certificate or notice extending the term *536 of an existing policy for a specified period beyond its expiration date.
C. (1) If coverage has not been in effect for sixty days and the policy is not a renewal, cancellation shall be effected by mailing or delivering a written notice to the first-named insured at the mailing address shown on the policy at least sixty days before the cancellation effective date, except in cases where cancellation is based on nonpayment of premium, Notice of cancellation based on nonpayment of premium shall be mailed or delivered at least ten days prior to the effective date of cancellation. After coverage has | fibeen in effect for more than sixty days or after the effective date of a renewal policy, no insurer shall cancel a policy unless the cancellation is based on at least one of the following reasons:
(a) Nonpayment of premium.
[[Image here]]
(2)(a) A notice of cancellation of insurance coverage by an insurer shall be in writing and shall be mailed or delivered to the first-named insured at the mailing address as shown on the policy. Notices of cancellation based on R.S. 22:1267(C)(l)(b) through (g) shall be mailed or delivered at least thirty days prior to the effective date of the cancellation; notices of cancellations based upon R.S. 22:1267(C)(l)(a) shall be mailed or delivered at least ten days prior to the effective date of cancellation. The notice shall state the effective date of the cancellation.
(Emphasis added.)
This statute specifically addresses cancellation of a workers’ compensation insurance policy for failure to pay the premium. Louisiana Revised Statute 22:1267C(2)(a) provides that notice shall be mailed or delivered at least ten days prior to the date of cancellation, and American Interstate complied with the statute. Thus, LAC Title 40, Pt. 1, § 1708, does not apply in this situation because it does not specifically apply to cancellation of a workers’ compensation insurance policy for failure to pay the premium. As La. R.S. 22:1267 was effective in 2011, it is the latest expression of the will of the legislature. Pumphrey v. City of New Orleans, 05-0979 (La.4/4/06), 925 So.2d 1202, 1210. The Louisiana Administrative Code does not take precedence over the Louisiana Revised Statutes. The Louisiana Supreme Court has held that an administrative construction cannot be given effect, or have weight, where it is contrary to or inconsistent with legislative intent. Jurisich v. Jenkins, 99-0076 (La.10/19/99), 749 So.2d 597, 602.
Thus, American Interstate’s cancellation of Clesi Foundations’ workers’ compensation insurance policy for nonpayment of premium was effective on October 25, 2012 at 12:01 a.m., and the policy was no longer in effect at the time of Mr. Jones’ accident later that same day.
| CONCLUSION
Therefore, for the foregoing reasons, the judgment of the Office of Workers’ Compensation granting the motion for summary judgment filed by American Interstate Insurance Company, and denying the motion for summary judgment filed by Edward Jones, is affirmed. Costs of this appeal are assessed against Edward Jones.
AFFIRMED.

. Louisiana Revised Statute 22:1267 was revised by Acts 2015, No. 37, approved June 5, 2015.