927 So.2d 408 (2005)
Thomas Wayne YOUNG and Randy Joseph Sanchez
v.
CITY OF PLAQUEMINE, Comeaux Brothers Contractors, Inc., and Gary J. Hebert, Jr.
No. 2004 CA 2305.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
*409 Jack Patrick Harris, Baton Rouge, Patrick W. Pendley, Plaquemine, Counsel for Plaintiffs/Appellees Thomas Wayne Young and Randy Joseph Sanchez.
Bradley C. Myers, John F. Jakuback, Lana D. Crump, Baton Rouge, Counsel for Defendant/Appellant City of Plaquemine.
Michael A. Patterson, Baton Rouge, Counsel for Defendant/Appellant Gary J. Hebert, Jr.
Donald R. Smith., Baton Rouge, Counsel for Defendant Comeaux Brothers Contractors, Inc.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
The matter before us is a partial summary judgment designated as a final, appealable judgment by the trial court pursuant to La. C.C.P. art. 1915(B). Based on our review of the trial court's designation of the judgment as final for purposes of appeal, we find that the trial court abused its discretion in designating the partial summary judgment a final judgment, and accordingly, dismiss the appeal.

FACTS AND PROCEDURAL HISTORY
While working for a painting subcontractor on a project in 1995, Thomas Wayne Young and Randy Joseph Sanchez learned that the interior surfaces of the building in which they were working contained lead-based paint. Claiming injuries as a result of being exposed to the lead-based paint, Young and Sanchez (plaintiffs) filed suit against the City of Plaquemine, as the owner of the building, Comeaux Brothers Contractors, Inc., as the general contractor responsible for renovating the building, and Gary J. Hebert, Jr., as the architect in charge of the project (defendants). The defendants separately answered the plaintiffs' suit generally denying liability for their alleged injuries. Each defendant later filed motions for summary judgment, basically asserting that they were not liable for the alleged injuries sustained by the plaintiffs. The trial court granted the motions for summary judgment and the plaintiffs appealed the judgments granting the motions.
On appeal, this court affirmed in part a portion of the summary judgment granted in favor of Comeaux Brothers Contractors, Inc., but reversed the remaining portion of the summary judgment granted in favor of *410 Hebert. Young v. City of Plaquemine, 01-0063 (La.App. 1st Cir.5/10/02), 818 So.2d 892. This court also reversed the separate summary judgment granted in favor of the City of Plaquemine, and the entire case was remanded to the trial court for further proceedings. Young v. City of Plaquemine, 02-0280 (La.App. 1st Cir.5/10/02), 818 So.2d 898, writ denied, 02-1601 (La.9/30/02), 825 So.2d 1196.
On remand, the City of Plaquemine and Hebert filed peremptory exceptions raising the objection of res judicata (issue preclusion) pursuant to La. R.S. 13:4231, based on the denial of the plaintiffs' separate workers' compensation claims by the Office of Workers' Compensation. In the same pleadings, the City of Plaquemine and Hebert alternatively moved for summary judgment, asserting that the plaintiffs would be unable to present medical proof to substantiate their claims that they sustained injuries as a result of being exposed to lead-based paint while working on the renovation project in 1995. In response, the plaintiffs filed a cross motion for summary judgment, asserting that based on legal presumptions and evidence they submitted in support of their motion, the plaintiffs unquestionably proved that they were disabled as a result of their exposure to the lead-based paint during the renovation project. Following a hearing on the exceptions and the cross motions for summary judgment, the trial court rendered judgment overruling the exceptions and denying the motions for summary judgment filed by the City of Plaquemine and Hebert. In the same judgment, the trial court granted summary judgment in favor of the plaintiffs on the issue of medical causation only. The trial court designated the judgment as final pursuant to La. C.C.P. art. 1915(B) on the basis that the judgment "determines a key issue in the plaintiffs' case, and there is no just reason to delay any appeal of this issue."
The City of Plaquemine and Hebert appeal, seeking reversal of (1) the partial summary judgment granted in favor of the plaintiffs, (2) the denial of their motions for summary judgment and (3) the overruling of their exceptions raising the objection of res judicata.

APPELLATE JURISDICTION
The trial court designated the partial summary judgment appealed herein as a final judgment pursuant to La. C.C.P. art. 1915(B), expressly finding that there was no just reason to delay appellate review because the judgment determined key issues in the case. Preliminary to our review of this matter, it is essential that we first ascertain whether this court has jurisdiction to review the judgment appealed, since the trial court's designation is not determinative of this court's jurisdiction. Van ex rel. White v. Davis, 00-0206, p. 2 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 480. Because the trial court gave reasons for its determination that no just reason for delay existed, we are only required to consider whether the trial court abused its discretion in designating the judgment as final. R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 13 (La.3/2/05), 894 So.2d 1113, 1122.
The City of Plaquemine and Hebert assert that the trial court's designation of the partial summary judgment as a final judgment is proper because they seek reversal of the trial court's rulings denying their motion for summary judgment and overruling their exceptions urging the objection of res judicata. They also seek reversal of the ruling granting summary judgment in favor of the plaintiffs. Although La. C.C.P. art. 1915(B) allows a trial court to designate a partial summary *411 judgment as a final judgment,[1] it does not provide that a judgment denying a motion for summary judgment can be so designated. Moreover, La. C.C.P. art. 968 expressly provides that a judgment denying a motion for summary judgment is not appealable. Likewise, La. C.C.P. art.1915 does not authorize a trial court to designate a judgment denying an exception as final. See In re Freed, 05-28, p. 3 (La. App. 5th Cir.4/26/05), 902 So.2d 472, 473.
Article 2083 of the Code of Civil Procedure provides that an appeal may be taken from a final judgment or from an interlocutory judgment, which may cause irreparable injury. The rulings denying the motions for summary judgment and the overruling the exceptions filed by the City of Plaquemine and Hebert are interlocutory rulings, which, absent a designation of finality, must cause irreparable injury in order to be subject to immediate appeal. Irreparable injury exists in the context of La. C.C.P. art.2083 only where the error sought to be corrected on an appeal from the interlocutory judgment cannot, as a practical matter, be corrected on an appeal following a determination of the merits. Collins v. Prudential Insurance Company of America, 99-1423, p. 6 (La.1/19/00), 752 So.2d 825, 829. Generally, requiring a party to go to trial does not constitute irreparable injury turning an otherwise interlocutory order into an appealable one. Collins, 99-1423 at 7, 752 So.2d at 830. Nor is proof that the interlocutory judgment will delay final disposition of the litigation or cause the parties to incur added expense sufficient to show irreparable injury for purposes of appealability. Anderson v. Anderson, 513 So.2d 399, 403 (La.App. 4th Cir.1987). Thus, other than the assertion that the litigation would be terminated if we were to find that the trial court erred in denying their motions for summary judgment and/or in overruling their exceptions raising res judicata, the City of Plaquemine and Hebert do not allege that they will suffer irreparable injury if the interlocutory rulings are not subject to immediate appellate review.
However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment appealed. In re T.A.S., 04-1612, p. 4 (La.App. 1st Cir.10/29/04), 897 So.2d 136, 139. Hence, our determination of whether the designation of the judgment appealed is proper hinges not on our review of the interlocutory rulings; rather, our review of the interlocutory rulings will hinge on our assessment of whether the trial court properly designated the partial summary judgment granted in favor the plaintiffs as a final judgment. For the reasons that follow, we conclude that the *412 trial court abused its discretion in designating the partial summary judgment as a final judgment under La. C.C.P. art. 1915(B).
A final judgment determines the merits of a controversy, in whole or in part. La. C.C.P. art. 1841. As pointed out by the plaintiffs in the proceedings below and in their arguments on appeal, the partial summary judgment rendered by the trial court addressed only the issue of medical causation, whereas in seeking summary judgment, the plaintiffs sought a ruling on the ultimate issue of liability. Causation is only one element of the duty-risk analysis by which liability is determined for a claim of negligence. See Cusimano v. Wal-Mart Stores, Inc., 04-0248, pp. 3-4 (La.App. 1st Cir.2/11/05), 906 So.2d 484, 486-487. The fact that the trial court concluded the plaintiffs sufficiently proved there was no genuine issue regarding whether their injuries were caused by lead poisoning does not automatically translate to the City of Plaquemine and Hebert being found liable for the injuries claimed by the plaintiffs. Rather, it must further be shown that all of the elements of the duty-risk analysis have been met in order establish the liability of the City of Plaquemine and Hebert. See Cusimano, 04-0248 at 4, 906 So.2d at 487.
As previously noted by this court, "[a]llowing an immediate appeal from a judgment finding a plaintiff has met some, but not all, of the elements of a negligence liability claim only serves to encourage piecemeal adjudication and appeals, causing delay and judicial inefficiency." Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, p. 11 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1047, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338. Hence, we find that the trial court improperly designated the partial summary judgment rendered herein as a final judgment pursuant to La. C.C.P. art. 1915(B), and, accordingly, dismiss the appeal for lack of appellate jurisdiction. All costs in this matter are to be equally borne by the City of Plaquemine and Hebert.
APPEAL DISMISSED.
NOTES
[1] Louisiana Code of Civil Procedure article 1915(B) provides:

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.