960 So.2d 939 (2007)
ASCENSION SCHOOL EMPLOYEES CREDIT UNION
v.
PROVOST SALTER HARPER & ALFORD, L.L.C.
No. 2006 CA 0992.
Court of Appeal of Louisiana, First Circuit.
March 23, 2007.
Allen D. Darden, Baton Rouge, Counsel for Plaintiff/Appellee Ascension School Employees Credit Union.
Michael A. Patterson, Baton Rouge, Counsel for Defendant/Appellant Provost Salter Harper & Alford, L.L.C.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
McCLENDON, J.
From the denial of its motion for summary judgment, defendants, Provost Salter Harper & Alford, L.L.C. (Provost), appealed. Finding that we lack jurisdiction, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND
The dispute between Provost and the plaintiffs, Ascension School Employees Credit Union, is based on accountancy malpractice. The initial pleading filed in this case was a motion for summary judgment asserting an exception raising the objection of peremption; a procedural question ancillary to the merits of the accountancy malpractice dispute. After a hearing, the trial court signed a judgment on April 3, 2006, denying the motion for summary judgment.

APPLICABLE LEGAL PRECEPTS
"An interlocutory judgment is appealable only when expressly provided by law." LSA-C.C.P. art. 2083 C. Further, the provisions of LSA-C.C.P. art. 1915 B do not apply to a denial of a partial summary judgment, nor was there any such certification in this case. See LSA-C.C.P. art. 1915 B(1). Similarly, LSA-C.C.P. art. *940 968 provides that: "An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. LSA-C.C.P. art. 1841. Thus, a denial of a motion for summary judgment, in whole or in part is an interlocutory judgment that is not appealable and cannot be certified as such. See Belanger v. Gabriel Chemicals, Inc., XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/23/01), 787 So.2d 559, 563, writ denied, 2001-2289 (La.11/16/01), 802 So.2d 612 (and cases cited therein); Clark v. Legion Insurance Company, 2002-2487, p. 6 (La.App. 4 Cir. 7/23/03), 853 So.2d 684, 687 (and cases cited therein). The same reasoning applies to the denial of exceptions, especially in light of the statutory language directly limiting 1915 B(1) to a ruling that "sustains" a partial exception. Young v. City of Plaquemine, 2004-2305, pp. 4-5 (La. App. 1 Cir. 11/4/05), 927 So.2d 408, 410-11.[1]

ANALYSIS
The trial court did not grant a summary judgment or sustain an exception on the issue of peremption, and the judgment did not resolve the merits of the accountancy malpractice, in whole or in part. Nor did the legislature include the right to immediately appeal an interlocutory judgment denying a motion brought pursuant to the special procedure it created in LSA-R.S. 37:108. Compare LSA-C.C.P. art. 592 A(3)(b) (which allows an immediate appeal from a grant or a denial of a class certification). Thus, we find no basis for appeal presented by the interlocutory judgment before us.[2]See LSA-C.C.P. art. 968; Young, 2004-2305 at pp. 4-5, 927 So.2d at 410-11; Belanger, XXXX-XXXX at p. 5, 787 So.2d at 563.
For these reasons, we dismiss the appeal at appellant's cost. However, the appellant, Provost, is allowed fourteen days to file a writ application with this court. Any such application must comply with the Uniform Rules-Courts of Appeal, Rules 4-1 et seq., effective January 1, 2003, and a copy of this opinion must be included in the writ application for compliance with Rule 4-3.
APPEAL DISMISSED.
GUIDRY, J., concurs.
PARRO, J., concurs in the result.
NOTES
[1] A motion for summary judgment is not generally the first pleading found in a record on appeal. However, the legislature created a special procedure for accountancy malpractice cases. Under LSA-R.S. 37:108, a "certified public accountant or firm, against whom a claim has been filed" with a review panel, "may raise any exception or defense available, pursuant to R.S. 9:5604, . . . at any time without the need for the completion of the review process by the public accountant review panel," or the need to file a suit on the merits. See LSA-R.S. 37:105 & 107 (suit filed before waiver or completion of review is premature). A similar procedure is allowed by LSA-R.S. 40:1299.47 B(2)(a) for medical malpractice cases.
[2] We note that even if a motion for a partial summary judgment is granted, or an exception is sustained in part, the judgment cannot be considered for immediate appeal in the absence of the requisite certification by the trial court. LSA-C.C.P. art. 1915 B(2).