NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-902

CHARLES WEBSTER AND NENA LUNEAU WEBSTER
VERSUS
DOUG SELMAN BUILDERS, L.L.C.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES NO. 2010-6049-B
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

APPEAL DISMISSED.

Fred A. Pharis
Pharis Law Offices
831 Desoto Street
Alexandria, LA 71301
(318) 445-8266
COUNSEL FOR PLAINTIFFS/APPELLEES
    Charles Webster & Nena Luneau Webster

**Michael J. Floyd**
**Gold, Weems, Bruser, Sues, and Rundell**
**Post Office Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Doug Selman Builders, L.L.C.**

PAINTER, Judge.

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Doug Selman Builders, L.L.C., to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory order. For the reasons assigned, we hereby dismiss the appeal.

Plaintiffs, Charles Webster and Nena Luneau Webster, have filed suit under the New Home Warranty Act (NHWA), La.R.S. 9:3141, et seq., alleging that Defendant, a residential building contractor, defectively constructed their home which is located in Centerpoint, Louisiana. In response to the lawsuit, Defendant filed an exception of no cause of action seeking dismissal of some of Plaintiffs' damage claims on the ground that they are not allowable under the NHWA. With regard to Plaintiffs' claims for damages for mental anguish and mental distress, the trial court held that Defendant's exception should be denied; however, with regard to Plaintiffs' claim for consequential damages, the trial court granted Defendant's exception and dismissed that claim. Because the parties disagreed as to whether the judgment should be certified as immediately appealable under La.Code Civ.P. art. 1915(B), Defendant's counsel submitted to the trial court both a proposed judgment containing a certification of immediate appealability and a proposed judgment without such a certification. On May 27, 2011, the trial court signed the judgment which contained the provision certifying the judgment as a final, appealable judgment. The notice of judgment was mailed on the same day. On June 9, 2011, Defendant filed a motion for appeal, and the trial court signed the order of appeal. The appeal record was lodged in this court on July 21, 2011. As stated above, upon the lodging of the record in this appeal, this court issued a rule

1

for the Defendant to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment.

In its response to this court's rule to show cause order, Defendant asserts that this court should allow the appeal to proceed. Defendant agrees with that portion of the trial court's judgment which grants Defendant's exception of no cause of action as it pertains to Plaintiffs' claims for consequential damages. Thus, Defendant acknowledges that the only ruling being appealed is the trial court's denial of Defendant's exception of no cause of action as it pertains to Plaintiffs' claims for mental anguish and non-pecuniary damages under the NHWA. Defendant contends that a designation of immediate appealability under La.Code Civ.P. art. 1915(B) is appropriate for the ruling at issue because the Louisiana circuit courts of appeal are split on the issue of whether damages for mental anguish are recoverable under the NHWA and because the NHWA itself contains inconsistent provisions on this issue.

We note that the trial court designated the partial judgment at issue as a final judgment pursuant La.Code Civ.P. art. 1915(B)(1), which provides as follows:

> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

The judgment being appealed partially denies Defendant's exception of no cause of action. Although La.Code Civ.P. art. 1915(B) authorizes a trial court to designate a partial judgment granting an exception as final, the jurisprudence has held that a judgment denying an exception, in whole or in part, is an interlocutory judgment which cannot be designated immediately appealable. *See Young v. City*

2

*of Plaquemine*, 04-2305 (La.App. 1 Cir. 11/4/05), 927 So.2d 408; *Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.,* 06-0992 (La.App. 1 Cir. 3/23/07), 960 So.2d 939.  Accordingly, in the instant case, we find that the trial court's designation was ineffectual as to the portion of the judgment which denied Defendant's exception of no cause of action.  Since this appeal was taken from a non-appealable, interlocutory ruling, we hereby dismiss the appeal at Defendant's cost.

Further, we find that the exercise of this court's jurisdiction is not warranted because reversal of the trial court's ruling would not terminate the litigation.  *See Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981).  Therefore, find that it is unnecessary to grant Defendant an opportunity to file an application for supervisory relief.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.