NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-106


IN RE: KITE RV, L.L.C.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-2682
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.


MOTION TO CONSOLIDATE APPEAL WITH WRIT APPLICATION
DENIED.
APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN
APPLICATION FOR SUPERVISORY WRITS.

Thomas Glynn Blazier
Attorney at Law
Post Office Box 6391
Lake Charles, LA 70606
(337) 474-5624
COUNSEL FOR PLAINTIFF/APPELLEE:
    R. Alan Kite

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence St.**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **R. Alan Kite**

**Scott James Scofield**
**Scofield, Gerard**
**Post Office Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Robert Kite**
    **Jeffrey D. Kite**
    **Kite Bros., L.L.C.**

**Blaine Andrew Doucet**
**Attorney at Law**
**130 W. Kirby Street**
**Lake Charles, LA 70601**
**(337) 433-0100**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jeffrey D. Kite**

**SAUNDERS, Judge.**

This court issued, *sua sponte*, a rule ordering the Appellants, Jeff Kite; Robert J. Kite; and Kite Bros., L.L.C., to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory order. For the reasons assigned, we hereby dismiss the appeal.

This case arises from a business dispute between two brothers, R. Alan and Jeffrey Kite, who co-owned a business, Kite RV, L.L.C. (Kite RV). The dispute has resulted in the filing of two lawsuits in two different parishes. One suit was filed by Jeffery Kite and Kite RV in the Thirty-Sixth Judicial District Court in Beauregard Parish, seeking damages from Alan Kite and R. Alan Kite, L.L.C., for alleged unfair trade practices, abuse of authority, malfeasance, breach of contract, and intentional infliction of emotional distress. The other suit, which R. Alan Kite filed in the Fourteenth Judicial District Court in Calcasieu Parish, is the lawsuit out of which the instant appeal arises, and it originated as an action for the liquidation of Kite RV. Also, within the liquidation suit pending in Calcasieu Parish, Jeffery Kite filed what he deems a "precautionary suit" whereby he seeks damages similar to those sought in the suit that is pending in Beauregard Parish.

Robert Kite intervened in the lawsuit in Calcasieu Parish asserting that he had acquired some of Jeffrey Kite's shares in Kite RV, as well as Jeffery Kite's litigious rights against R. Alan Kite and R. Alan Kite, L.L.C. Thereafter, R. Alan Kite filed a Motion to Deposit and Determine Real Price of Transfer of Litigious Rights and Exception of No Right of Action and Motion to Exercise Preemptive Rights. By that pleading, R. Alan Kite seeks to have the trial court issue a declaratory judgment regarding Jeffrey Kite's transfer of company shares and litigious rights to Robert Kite. In response to Allan Kite's motion to deposit, Jeff

Kite, Robert J. Kite, and Kite Bros., L.L.C. (hereinafter, "Appellants"), filed exceptions of vagueness, improper venue, lis pendens, no right of action, no cause of action, improper cumulation of actions, lack of procedural capacity, and insufficiency of citation and service of process. Following a hearing, the trial court denied Appellants' exceptions. The judgment was signed on September 6, 2012, and the notice of judgment was mailed on September 25, 2012. On September 27, 2012, Plaintiff filed a motion for appeal, and the trial court signed the order of appeal on the same day. The appeal record was lodged in this court on February 1, 2013. As stated above, upon the lodging of the record in this appeal, this court issued a rule for Appellants to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory order.

We note that the trial court designated the judgment at issue as a final judgment pursuant La.Code Civ.P. art. 1915(B), which provides as follows:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

The judgment being appealed denies various exceptions which were filed by Appellants. Although La.Code Civ.P. art. 1915(B) authorizes a trial court to designate a partial judgment granting an exception as final, the jurisprudence has held that a judgment denying an exception, in whole or in part, is an interlocutory judgment which cannot be designated immediately appealable. *See Young v. City of Plaquemine*, 04-2305 (La.App. 1 Cir. 11/4/05), 927 So.2d 408; *Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.,* 06-0992 *(La.App. 1 Cir. 3/23/07),* 960 So.2d 939. Accordingly, in the instant case, we

2

find that it was improper for the trial court to designate the judgment which denied Appellants' exceptions as a final, appealable judgment. Since this appeal was taken from a non-appealable, interlocutory ruling, we hereby dismiss the appeal at Appellants' cost.

Further, we note in their response to this court's rule to show cause order, Appellants acknowledge that the judgment at issue in this appeal is an interlocutory judgment and is not subject designation of immediate appealability under La.Code Civ.P. art. 1915(B). However, Appellants ask that this court either convert the instant appeal to an application for supervisory writs or consolidate the instant appeal with a separate, unrelated writ application which Appellants currently have pending under this court's docket number 12-1376. We decline to consolidate the instant appeal with the writ application filed under this court's docket number 12-1376. However, we hereby permit Appellants, Jeff Kite; Robert J. Kite; and Kite Bros., L.L.C., to seek review of the trial court's judgment of September 6, 2012, by filing a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than April 19, 2013. The Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**MOTION TO CONSOLIDATE APPEAL WITH WRIT APPLICATION DENIED.**
**APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.