STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0909

BEVERLY CONSTRUCTION, L.L.C.

VERSUS

WADSWORTH ESTATES, L.L.C.

Judgment Rendered:     **FEB 2 1 2020**

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Suit No. 2014-14476

The Honorable Martin E. Coady, Judge, Presiding

********

Andrew G. Vicknair                 Counsel for Plaintiff/Appellee
Lloyd N. Shields                   Beverly Construction, L.L.C.
Michael S. Blackwell
Ashley B. Robinson
New Orleans, LA


Edward J. Lilly                    Counsel for Defendant/Appellant
Edward J. Castaing, Jr.            Wadsworth Estates, L.L.C.
New Orleans, Louisiana

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

The defendant-appellant, Wadsworth Estates, L.L.C. (Wadsworth), appeals the denial of a partial summary judgment, which it filed in the Twenty-Second Judicial District Court. The district court also granted a partial summary judgment in favor of the plaintiff-appellee, Beverly Construction, L.L.C. (Beverly), which is the subject of a separate appeal before this court.[1] Beverly has filed with this court a motion to consolidate the two appeals. Because of the interlocutory nature of the judgment in the instant appeal, we dismiss the instant appeal and deny the motion to consolidate as moot.

Beverly filed a "Petition to Enforce Promissory Note and Alternatively for Modification of Settlement Agreement" on October 9, 2014. On August 29, 2018, Beverly filed a "Motion for Partial Summary Judgment on the Mortgage," (the Beverly motion) requesting that Wadsworth, the mortgagee, be declared in default of its mortgage to Beverly for the entire principal amount of $1,971,000.00, plus interest, costs, and attorney fees. On October 18, 2018, Wadsworth filed a "Motion for Partial Summary Judgment to Declare Promissory Note and Mortgage Unenforceable," (the Wadsworth motion) claiming that the same mortgage to Beverly, as well as the note in favor of Beverly securing the mortgage, are unenforceable.

After a hearing on the two motions, the district court signed two separate judgments on January 22, 2019. In one judgment, the district court granted the Beverly motion in favor of Beverly and against Wadsworth, ordering the principal amount and interest immediately payable, along with costs and attorney fees. In the other judgment, the district court denied the Wadsworth motion. The district

---

[1] *Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.*, 2019-CA-0910.

court certified both judgments as final and immediately appealable. Wadsworth appealed both judgments separately.

This court has issued a show cause order in the instant appeal on the basis that the judgment denying the Wadsworth motion is not a final, appealable judgment, despite the judgment being certified as such.

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Motorola, Inc. v. Associated Indemnity Corporation,* 2002-0716 (La. App. 1 Cir. 4/30/03), 867 So.2d 715, 717. This Court's appellate jurisdiction extends to "final judgments." *Bosley v. Louisiana Department of Public Safety and Corrections,* 2016-1112 (La. App. 1 Cir. 4/20/17), 2017WL1423925, *3 (unpublished). A final judgment is a judgment that determines the merits in whole or in part; a judgment that does not determine the merits, but only preliminary matters in the course of an action, is an interlocutory judgment. La. C.C.P. art. 1841. A final judgment is appealable in all causes in which appeals are given by law; an interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083.

The denial of a motion for summary judgment is a preliminary matter in the course of the action, and thus is an interlocutory judgment that is not appealable and cannot be certified as such. *Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.,* 2006-0992 (La. App. 1 Cir. 3/23/07), 960 So.2d 939, 940. The denial of the Wadsworth motion does not resolve the merits of the issue of the mortgage's enforceability, and the legislature has not created the right to immediately appeal an interlocutory judgment denying such a motion. Thus, we find no basis for appeal presented by the interlocutory judgment before us. See *Id.*

Beverly has filed a motion to consolidate the appeal in 2019-CA-0910 with this appeal. According to this court's Internal Rule 2.3(f)(2), when two or more

3

civil appeals are pending, and arise out of the same district court number, and involve the same facts and circumstances (as with the two appeals here), the panel to which the lower appellate numbered appeal is allotted may consolidate the appeals into the lower appellate numbered appeal. However, since we now dismiss the instant appeal, we deny the motion to consolidate as moot.

For the above reasons, the instant appeal is denied, and we assess all costs of this appeal to Wadsworth Estates, L.L.C. We also deny the motion to consolidate appeals filed by Beverly Construction, L.L.C. This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1.B.

**APPEAL DISMISSED. MOTION TO CONSOLIDATE DENIED.**