NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1315

RITCHIE STANLEY

VERSUS

WILLIAM POTTS, RIVER PARISH CONTRACTORS, INC., SPECIALTY
WELDING AND TURNAROUNDS, LLC, ZURICH AMERICAN
INSURANCE COMPANY, AND MARKEL AMERICAN INSURANCE
COMPANY

Judgment Rendered: JUN 0 4 2021

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge, Louisiana
Docket Number C662640
Honorable Trudy M. White, Judge Presiding

************

| | |
|---|---|
| John Mark Fezio<br>Jennifer R. Rust<br>Richard P. Voorhies III<br>William A. Barousse<br>New Orleans, LA | Counsel for Plaintiff/Appellant,<br>Ritchie Stanley |
| Patrick J. McShane<br>Danica B. Denny<br>Kathleen P. Rice<br>Phoebe A. Hathorn<br>New Orleans, LA | Counsel for Defendants/Appellees,<br>William Potts, River Parish Contractors, Inc.,<br>Specialty Welding and Turnarounds, LLC,<br>Zurich American Insurance Company, and<br>Markel American Insurance Company |
| Peter J. Giarrusso<br>Louisiana Department of Justice<br>Baton Rouge, LA | Counsel for Intervenor,<br>State of Louisiana, Office of the<br>Governor, Division of Administration,<br>Office of Risk Management |

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Chutz. J. concurs.

**WHIPPLE, C.J.**

This appeal in a rear-end collision case arises from an action filed by plaintiff against, *inter alia,* the driver of the rear-ending vehicle and the rear-ending driver's employer, asserting against the employer claims of both vicarious liability for its employee's negligence and independent negligence of the employer in hiring, training, and supervising its employee. The district court granted defendants' motion for partial summary judgment and dismissed plaintiff's claims of independent negligence against the employer. For the following reasons, we dismiss the appeal for lack of appellate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

On October 23, 2017, Ritchie Stanley filed a petition for damages, alleging that on November 7, 2016, while he was traveling northbound on Interstate 55, the vehicle he was operating was rear-ended by the vehicle driven by William Potts, causing Stanley to sustain severe and disabling injuries. Named as defendants were: Potts; Specialty Welding and Turnarounds, LLC ("Specialty Welding"); and River Parish Contractors, Inc. ("RPC"). Stanley contended that Potts was an employee of Specialty Welding and/or RPC and was acting in the course and scope of his employment at the time of the accident, thus rendering Specialty Welding and/or RPC vicariously liable for Potts's negligence under the theory of *respondeat superior.* Additionally, Stanley averred that the independent negligent acts of Specialty Welding and/or RPC were also a proximate cause of the accident, namely: allowing an unskilled and unsafe driver to operate the vehicle; failing to determine the ability of the driver; failing to instruct, train, or supervise Potts as to the proper use of the vehicle; and negligently hiring and retaining Potts.

Stanley also named as defendants Zurich American Insurance Company ("Zurich"), the liability insurer of Specialty Welding and RPC at the time of the accident, and Markel American Insurance Company ("Markel"), the excess

2

liability insurer of RPC. Additionally, the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management ("the State") intervened in the suit to recover workers' compensation benefits paid to Stanley as a result of the accident at issue.

Thereafter, Stanley, Potts, RPC, Specialty Welding, Zurich, and the State filed a joint motion for partial dismissal, seeking dismissal of Stanley's claims against Zurich, partial dismissal of Stanley's claims against Potts, RPC, and Specialty Welding, and dismissal of the State's intervention. By order dated March 24, 2020, Stanley's claims against Zurich were dismissed, and his claims against Potts, RPC, and Specialty Welding were dismissed in part, with an express reservation of rights against Potts, RPC, and Specialty Welding only to the extent of collectible insurance in excess of the Zurich policy. Additionally, the State's intervention and all claims asserted by Stanley, Potts, RPC, Specialty Welding, and Zurich as to the intervention were dismissed with prejudice. Thus, Potts, RPC, and Specialty Welding remained only as nominal defendants to the extent of additional collectible insurance.

On June 8, 2020, defendants Potts, RPC, Specialty Welding, and Markel filed a Motion for Partial Summary Judgment, seeking dismissal of Stanley's claims of direct negligence against Specialty Welding. Defendants argued that because Potts was in the course and scope of his employment with Specialty Welding at the time of the accident, such that Potts's negligence would be attributed to Specialty Welding under the theory of vicarious liability, Louisiana law precluded Stanley from simultaneously maintaining claims of direct negligence against Specialty Welding.

Following a hearing on the motion, the district court agreed and signed a judgment dated September 30, 2020, granting the motion for partial summary judgment and dismissing with prejudice Stanley's claims of direct negligence

3

against Specialty Welding, including his claims that Specialty Welding: allowed an unskilled and unsafe driver to operate its vehicle; failed to determine the ability of the driver; failed to instruct, train, and/or supervise the driver; and negligently hired and/or retained Potts. The district court designated the judgment as final for purposes of immediate appeal pursuant to LSA-C.C.P. art. 1915.

From this judgment, Stanley appeals, contending that the district court erred in granting summary judgment and dismissing his claims of independent negligence against Specialty Welding.

## APPELLATE JURISDICTION

At the outset, we note that appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. Advanced Leveling & Concrete Solutions v. Lathan Co., Inc., 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*). A partial summary judgment rendered pursuant to LSA-C.C.P. art. 966(E) may be immediately appealed during ongoing litigation only if it has been properly certified as final by the district court. See LSA-C.C.P. art. 1915(A)(3) & (B); Belleview Estates, LLC v. Knoll & Dufour Lands, LLC, 2019-1394 (La. App. 1st Cir. 9/21/20), ___ So. 3d ___, ___, 2020 WL 5627732, *4; Templet v. State ex rel Department of Public Safety and Corrections, 2005-1903 (La. App. 1st Cir. 11/3/06), 951 So. 2d 182, 185. Although the district court designated the partial summary judgment as a final one pursuant to LSA-C.C.P. art. 1915(B)(1), that designation is not determinative of this court's jurisdiction. Rather, this court's jurisdiction to decide this appeal hinges on whether the certification was appropriate. Templet, 951 So. 2d at 185.

Historically, our courts have adopted and followed a policy against multiple appeals and piecemeal litigation. Louisiana Code of Civil Procedure article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and

4

the need for making review available at a time that best serves the needs of the parties. R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La. 3/2/05), 894 So. 2d 1113, 1122. Thus, in considering whether a judgment is properly designated as final pursuant to LSA-C.C.P. art. 1915(B)(1), a court must take into consideration judicial administrative interests as well as the equities involved. Templet, 951 So. 2d at 185. Because the district court herein did not give reasons for the certification, this court must make a *de novo* determination of whether the certification was proper. R.J. Messinger, Inc., 894 So. 2d at 1122.

The factors to be considered in determining whether a partial judgment should be certified as appealable include: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. However, the overriding inquiry is whether there is no just reason for delay. R.J. Messinger, Inc., 894 So. 2d at 1122-1123.

Applying these precepts, we find on *de novo* review that the partial summary judgment before us on appeal was improperly certified as a final judgment pursuant to LSA-C.C.P. art. 1915(B)(1). Defendants' motion for partial summary judgment herein requested judgment on only one theory of liability asserted against Specialty Welding, i.e., whether it could be held liable under claims of independent negligence in causing the accident based on allegations of improper training, supervision, hiring, and retaining of Potts. However, the relationship between the adjudicated claim and the unadjudicated claims does not support the need for immediate review by appeal of this partial judgment. A determination by this court as to whether Stanley has or can assert independent negligence claims against

5

Specialty Welding does not resolve the question of liability. Rather, there are outstanding issues that must be adjudicated in the district court before liability can be determined, including, in particular, the merits of Stanley's claim of negligence on the part of Potts in causing the accident, as well as the fault, if any, of Stanley in causing the accident. Moreover, because Stanley has dismissed his claims against Potts, Specialty Welding, and RPC except to the extent of available insurance coverage, the issue of whether the Markel policy will afford coverage for the accident in question or whether any policy exclusions apply likewise remain to be determined before liability can be decided.

Where a partial summary judgment decides only some aspects of a liability claim, this court has routinely held that the ruling is not one properly certified for an immediate appeal pursuant to LSA-C.C.P. art. 1915(B)(1). See Templet, 951 So. 2d at 186; Young v. City of Plaquemine, 2004-2305 (La. App. 1st Cir. 11/4/05), 927 So. 2d 408, 412; and Leray v. Nissan Motor Corporation in U.S.A., 2004-1282 (La. App. 1st Cir. 6/10/05), 916 So. 2d 260, 263-264, writ denied, 2005-1837 (La. 1/27/06), 922 So. 2d 554. Indeed, the need for review of the issue of whether Stanley can maintain the claim of independent negligence asserted in his petition against Specialty Welding may be rendered moot by the resolution of the remaining liability issues. Thus, judicial resources may be wasted by immediate appeal of this lone negligence issue.

In light of the unresolved liability issues and the procedural posture of this case, we find that any ruling on the independent negligence issue at this time would promote piecemeal appeals, causing delay and judicial inefficiency. See Young, 927 So. 2d at 412. Accordingly, on de novo review, we cannot conclude that there is no just reason for delay. Hence, we find that the district court improperly designated the partial summary judgment at issue herein as final pursuant to LSA-C.C.P. art. 1915(B)(1).

Although this court has discretion to convert an appeal to an application for supervisory writs, we do so only if the appeal would have been timely had it been filed as a supervisory writ application. Belleview Estates, LLC, ___ So. 3d at ___, 2020 WL 5627732 at *5. Because the appeal was not filed within thirty days of the notice of judgment, the motion for appeal cannot be considered a timely filed application for supervisory writs under Rule 4-3 of the Uniform Rules—Courts of Appeal. Accordingly, we decline to convert the appeal to an application for supervisory writs. Once a final judgment on the merits of this matter has been rendered and all issues are properly before this court on appeal, Stanley can seek appellate review of this partial summary judgment. See LSA-C.C.P. art. 2083(A); see also Kosak v. Louisiana Farm Bureau Casualty Insurance Company, 2020-0222 (La. App. 1st Cir. 12/10/20), ___ So. 3d ___, ___, 2020 WL 7258252, *7.

## CONCLUSION

For the above and foregoing reasons, plaintiff's appeal of the September 30, 2020 partial summary judgment is dismissed for lack of appellate jurisdiction. Costs of this appeal are assessed one-half to plaintiff, Ritchie Stanley, and one-half to defendants, William Potts, River Parish Contractors, Inc., Specialty Welding and Turnarounds, LLC, and Markel American Insurance Company.

**APPEAL DISMISSED.**