NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1406

DONALD T. BROWN, DDS

VERSUS

DOUGLAS D. McGINITY, McGINITY LAW FIRM, LLC
AND HANNAH CHOKR

*Judgment Rendered:*    JUL 1 4 2022

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2016-13910

The Honorable Ellen M. Creel, Judge Presiding

********

| | |
|---|---|
| Thomas H. Huval | Counsel for Plaintiff/Appellee |
| Stefini W. Salles | Donald T. Brown, DDS |
| Covington, Louisiana | |
| and | |
| Neil H. Mixon | |
| Baton Rouge, Louisiana | |
| | |
| Kevin R. Tully | Counsel for Defendant/Appellants |
| H. Carter Marshall | Douglas D. McGinity and McGinity Law |
| New Orleans, Louisiana | Firm, LLC |

********

BEFORE: WHIPPLE, C.J., LANIER, AND HESTER, JJ.

**LANIER, J.**

This case arises out of a suit on an open account filed by plaintiff, Donald T. Brown, D.D.S., against defendants, Douglas D. McGinity and McGinity Law Firm, LLC (hereinafter sometimes collectively referred to as "McGinity"), and Nisrine Chokr, the mother of Zienab Chokr, a/k/a Zara Chokr, a minor who was injured in an automobile accident. Dr. Brown alleged that following his treatment of Zara, McGinity and Ms. Chokr failed to pay the $3,777.00 balance due and owing on Zara's account. Cross motions for summary judgment were filed by the parties and heard by the district court on November 5, 2020.

In a companion appeal, **Brown v. McGinity**, 2021-1405 (La. App. 1 Cir. __/__/22), ___ So.3d ___ (**Brown I**), this court affirmed the district court's December 30, 2020 judgment granting summary judgment in favor of plaintiff, Donald T. Brown, D.D.S. and against Nisrine Chokr, Douglas D. McGinity, and McGinity Law Firm, LLC, jointly, severally, and *in solido* in the amount of $3,777.00, plus court costs, interest, and reasonable attorney fees. In the instant appeal, McGinity seeks review of the district court's December 30, 2020 judgment denying McGinity's motion for summary judgment, which the district court certified as a final judgment pursuant to La. Code Civ. P. art. 1915.

Pursuant to La. Code Civ. P. art. 968, no appeal lies from the denial of a motion for summary judgment. The denial of a motion for summary judgment is an interlocutory judgment and is not appealable absent a showing of irreparable injury. **Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.**, 2006-0992 (La. App. 1 Cir. 3/23/07), 960 So.2d 939, 940. The district court's certification that the December 30, 2020 judgment denying McGinity's motion for summary judgment was final and appealable was ineffectual. There is no authority for the certification of a judgment denying a motion for summary judgment as final. La. Code Civ. P. art. 968; La. Code Civ. P.

2

art.1915; **Belanger v. Gabriel Chemicals, Inc.**, 2000-0747 (La. App. 1 Cir. 5/23/01), 787 So.2d 559, 563, <u>writ denied</u>, 2001-2289 (La. 11/16/01), 802 So.2d 612. Nonetheless, because we have already concluded in **Brown I** that the summary judgment granted in favor of Dr. Brown was warranted and that McGinity owes $3,777.00 on the open account, we dismiss this appeal as moot. We assess all costs associated with this appeal against appellants, Douglas D. McGinity, and McGinity Law Firm, LLC.

**APPEAL DISMISSED.**