NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1221 AND 2022 CW 0783

GUSTAVE J. LABARRE, JR., ET AL.

VERSUS

TEXAS BRINE COMPANY, LLC AND GEORGIA GULF CHEMICALS & VINYLS, LLC

*Judgment Rendered:* **APR 28 2023**

\*\*\*\*\*\*\*\*

23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Case No. 30650

The Honorable Jason Verdigets, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| James M. Garner<br>Peter L. Hilbert<br>Martha Curtis<br>Darnell Bludworth<br>Brandon W. Keay<br>New Orleans, Louisiana | Counsel for Third-Party Plaintiff/<br>Appellee<br>Texas Brine Company, LLC |
| Jason Rogers Williams<br>Hannah Beth Salter<br>New Orleans, Louisiana | |
| Kenneth J. Dupaty<br>Gonzales, Louisiana | |
| Travis J. Turner<br>Gonzales, Louisiana | |
| Michael H. Rubin<br>Justin O'Brien | Counsel for Appellant<br>Indian Harbor Insurance Company |

*Welch J. concurs in result without reasons*

**Baton Rouge, Louisiana**

**Timothy E. Pujol**
**Barbara Lane Irwin**
**Gonzales, Louisiana**

**Antonio "Tony" Clayton**
**D'Ann Rose Penner**
**Port Allen, Louisiana**

**Paula M. Wellons**
**New Orleans, Louisiana**

**M. Keith Moskowitz,** *pro hac vice*
**John Grossbart,** *pro hac vice*
**Marilyn B. Rosen,** *pro hac vice*
**Chicago, Illinois**

\*\*\*\*\*\*\*\*

**BEFORE: WELCH, LANIER, and WOLFE, JJ.**

**LANIER, J.**

In this appeal, the appellant, Indian Harbor Insurance Company (Indian Harbor), seeks review of the Twenty-Third Judicial District Court's denial of a motion for partial summary judgment. Additionally, Indian Harbor has applied for a supervisory writ regarding the same issue addressed in the instant appeal. For the following reasons, we dismiss the appeal and deny the writ.

## FACTS AND PROCEDURAL HISTORY

The instant case involves extensive litigation dating back to 2007. The pertinent facts are as follows: In 1965, Pierre LaBarre granted a salt and storage lease of land he owned to a company, which ultimately assigned its interest to Texas Brine Company, LLC and Georgia Gulf Chemicals and Vinyls, LLC (collectively Texas Brine). The LaBarre plaintiffs[1] filed suit against Texas Brine in December 2007 alleging, among other things, that Texas Brine breached the lease by disposing of waste materials in caverns or "jugs" on the LaBarre property. A May 2009 second supplemental and amending petition added claims for water and soil contamination from the spillage and/or disposal of toxic processing wastes on, in, and adjacent to the LaBarre property without consent of the LaBarre plaintiffs. According to Texas Brine, the second supplemental and amending petition transformed the action from a lease dispute to a property contamination suit.

Indian Harbor, as insurer for Texas Brine, issued two pollution and remediation legal liability ("PARLL") policies, one providing coverage from November 2005 to November 2008, and the other providing coverage from November 2008 to November 2011. Both policies covered Texas Brine locations

---

[1] "LaBarre plaintiffs" collectively refers to all the plaintiffs who now share an interest in Pierre LaBarre's property.

nationwide, including three locations in Louisiana and two in New York. The policies contain a New York choice of law provision, which reads:

**Choice of Law** - All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the laws and practice of the State of New York (notwithstanding New York's conflicts of law rules).

In December 2012, Texas Brine filed a third-party demand against Indian Harbor, alleging entitlement to defense and indemnification under the 2008 policy for the LaBarre plaintiffs' claims. Indian Harbor answered the third-party demand, denying that the 2008 policy was applicable and denying that the 2008 policy provided coverage and indemnification for Texas Brine's actions. Indian Harbor also reconvened against Texas Brine, asserting a claim for partial rescission of the 2008 policy based upon allegedly false and incomplete statements made by Texas Brine in its sworn Facilities Pollution Application Form for its 2008 insurance policy, upon which the 2008 policy was based.

In October 2013, Indian Harbor moved for partial summary judgment regarding choice of law, noting there were material differences between New York, Texas, and Louisiana law on the various issues in the case. The trial court set aside the motion and did not rule upon it at that time. Both Indian Harbor and Texas Brine proceeded to file numerous pleadings and exceptions. In a judgment signed August 22, 2016, the trial court denied exceptions of no cause of action and prematurity filed by Texas Brine.[2] The trial court also ruled that the contractual choice of law clause was inapplicable since there was no inherent link to the State of New York in the instant case, and Louisiana law would therefore apply.[3]

---

[2] As these exceptions were not provided to this Court, we cannot determine the bases for Texas Brine's objections of no cause of action and prematurity.

[3] In open court on October 7, 2016, in response to Indian Harbor's argument that the trial court's ruling on the choice of law issue was outside the scope of the objections pled in the exceptions, the trial court stated that the exception of prematurity allowed the trial court to consider evidence outside the pleadings, that evidence was submitted that New York had no connection to the claim

4

Thereafter, Indian Harbor renewed its motion for partial summary judgment regarding choice of law. The trial court denied Indian Harbor's motion, again finding that Louisiana law applied to the choice of law issue. Indian Harbor moved for reconsideration of this ruling, which was denied for the same reasons given in its ruling on the exceptions of no cause of action and prematurity. Indian Harbor applied for supervisory writs on the denial of its motion for partial summary judgment, which this Court denied on January 23, 2017. See *LaBarre v. Texas Brine Company, LLC*, 2016-1466 (La. App. 1 Cir. 1/23/17), 2017 WL 325239 (unpublished writ action).[4]

Indian Harbor again moved for partial summary judgment on the choice of law issue, following the Louisiana Supreme Court's opinion in *Creekstone Juban I, L.L.C. v. XL Insurance America, Inc.*, 2018-0748 (La. 5/8/19), 282 So.3d 1042. Tracking the supreme court's language regarding party autonomy and freedom to contract, Indian Harbor asserted that New York law clearly applied to the instant case, making the choice of law clause in the insurance contract effective. Alternatively, Indian Harbor urged that if the choice of law clause was not upheld, Texas law rather than Louisiana law should apply.

Texas Brine opposed Indian Harbor's motion, asserting that the trial court had considered the merits of the choice of law issue and concluded that Louisiana law applied. The trial court denied Indian Harbor's motion. Indian Harbor applied for supervisory writs, and also filed the instant appeal. On October 11, 2022, this Court referred the writ to the panel with which the appeal was lodged. See *LaBarre v. Texas Brine Company, LLC*, 2022-0783 (La. App. 1 Cir. 10/11/22) (unpublished writ action).

---

at issue, and that Indian Harbor argued at the hearing on the exception that New York law applied.

[4] This Court stated therein: "This Court declines to exercise its supervisory jurisdiction. The criteria set forth in *Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La. 1981) (per curiam) are not met."

## DISCUSSION

*Motion for Appeal*

On May 26, 2022, the hearing on the motion for partial summary judgment was held. Following argument, the trial court denied Indian Harbor's motion finding *Creekstone* was not relevant to reverse the previous decision on the choice of law issue. Indian Harbor then orally moved that the judgment be certified as appealable, arguing that it was an important issue to be decided prior to trial. The trial court agreed and designated the judgment as final and appealable pursuant to La. C.C.P. art. 1915(B). A written judgment reflecting this ruling was executed and signed by the trial court on June 30, 2022.

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. "An interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. art. 2083(C). Further, the provisions of La. C.C.P. art. 1915(B) do not apply to a denial of a motion for partial summary judgment. See La. C.C.P. art. 1915(B)(1). Similarly, La. C.C.P. art. 968 provides, in pertinent part, that: "An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." Thus, a denial of a motion for summary judgment, in whole or in part, is an interlocutory judgment that is not appealable and cannot be certified as such pursuant to La. C.C.P. art. 1915(B). *Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.*, 2006-0992 (La. App. 1 Cir. 3/23/07), 960 So.2d 939, 940.

Based on the foregoing, although La. C.C.P. 1915(B) allows a trial court to designate a partial summary judgment as a final judgment, it does not provide that a judgment denying a motion for summary judgment can be so designated. Moreover, La. C.C.P. art. 968 expressly provides that a judgment denying a motion for summary judgment is not appealable. See *Young v. City of Plaquemine*, 2004-

6

2305 (La. App. 1 Cir. 11/4/05), 927 So.2d 408, 410-11. The trial court's judgment on the motion for partial summary judgment is not appealable, and we therefore dismiss the appeal.

*Writ Action*

Supervisory jurisdiction may be exercised to reverse a trial court's denial of a motion for summary judgment, and to enter summary judgment in favor of the mover. *Campbell v. Markel American Ins. Co.*, 2000-1448 (La. App. 1 Cir. 9/21/01), 822 So.2d 617, 620, writ denied, 2001-2813 (La. 1/4/02), 805 So.2d 204. A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. *Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La. 1981) (per curiam). This general policy, however, should not be applied mechanically. When the denial of the motion is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. See *Id.*

In the instant case, we find the denial of Indian Harbor's motion for partial summary judgment is not arguably incorrect. At issue in *Creekstone* is an insurance contract that contained a forum selection clause, which contained a choice of law provision. According to *Creekstone*, forum selection clauses in contracts are enforceable, except in very limited circumstances. See *Creekstone*, 282 So.3d at 1047-48, citing *Shelter Mut. Ins. Co. v. Rimkus Consulting Group, Inc. of Louisiana*, 2013-1977 (La. 7/1/14), 148 So.3d 871, 879-82. While it is plausible that the holding in *Creekstone* could ultimately apply to choice of law clauses, the supreme court specifically declined to address La. R.S. 22:868(A)(1),

7

which prohibits choice of law clauses in insurance contracts.[5] *Creekstone*, 282 So.3d at 1049, n.7. Therefore, the question whether *Creekstone* would apply to choice of law clauses remains unanswered.

Based on the present law and jurisprudence, we do not find that the trial court was arguably incorrect in finding that *Creekstone* was irrelevant to the instant case. In order to avoid piecemeal and potentially contradictory rulings by this Court, the choice of law issue would be more appropriately addressed on appeal after a trial on the merits. As such, pursuant to *Herlitz*, we deny Indian Harbor's application for supervisory writs.

**APPEAL DISMISSED; WRIT DENIED.**

---

[5] Specifically, La. R.S. 22:868(A)(1) states, in pertinent part:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
>
> (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.