THERIOT, J.
|2The appellant, Cedric Brown, as natural tutor on behalf of his minor son, Cedric Dorien Lastat Brown, seeks review of a judgment modifying a prior ruling on opposing motions for summary judgment and placing certain restrictions on the use and maintenance of funds within a savings account. For the following reasons, we dismiss the appeal for want of appellate jurisdiction.
FACTS AND PROCEDURAL HISTORY
On September 9,2014, the appellee, Kelli LaToye Turner, filed a petition for possession seeking to be recognized as the sole hen1 of the decedent, Effie Mae Evans Porche, who died intestate in March of 2013. Ms. Turner claimed that she was the only child of the decedent, that the succession of the decedent was relatively free of debt, that no inheritance taxes were due, that no creditors had demanded an administration, and that no administration of the succession was necessary. Ms. Turner therefore requested the trial court issue a judgment of possession placing her into possession of all of the property of the decedent, as described more fully in an attached detailed descriptive list of assets.
On September 11, 2014, based upon the petition for possession and the record of the proceeding, the trial court signed a judgment of possession dispensing of the administration of the succession and recognizing Ms. Turner as the owner of, and sending her into possession of, all of the decedent’s property. In pertinent part, the trial court recognized Ms. Turner as the owner of a certain savings account with Neighbors Federal Credit Union, in the name of one Effie T. Porche, account no. 801271068-2 (“the savings account”). The savings account had a listed value of $47,081.66.
IsOn September 26, 2014, the appellant, Mr. Brown, filed a petition to re-open and amend the judgment of possession on behalf of his minor son, Cedric Dorien Lastat Brown (“Cedric Jr.”). Mr. Brown claimed that Cedric Jr. was the decedent’s nephew and that his full name was listed on the savings account as a payee and/or owner and designated beneficiary. Mr. Brown alleged that Cedric Jr. was entitled to ownership and possession of the full value of the savings account. Mr. Brown claimed that the succession should be reopened and the judgment of possession amended to reflect Cedric Jr.’s ownership and possession of the savings account.
On March 24, 2015, Ms. Turner filed a motion for summary judgment with respect to the claims asserted by Mr. Brown. Ms. Turner claimed there were no genuine issues of material fact and that Mr. Brown could not establish the burden of proof for all elements of the asserted cause of action; that is, Ms. Turner claimed that Mr. Brown could not present evidence sufficient to establish that Cedric Jr. maintained and/or was entitled to ownership of the savings account. Mr. Brown opposed Ms. Turner’s motion.
On June 19, 2015, Mr. Brown filed a motion for summary judgment arguing that he, as natural tutor on behalf of his minor son, was entitled to judgment as a matter of law. Mr. Brown specifically requested the following relief in his motion *404 for summary judgment: 1) that the trial court render judgment declaring each and every deposit of money into the savings account constituted a donation inter vivos through manual gift in favor of Cedric Jr., and 2) that the trial court render judgment declaring that Cedric Jr., as donee of the aforementioned donations, is entitled to ownership and possession of the funds in the savings account. In support of his motion for summary judgment, Mr. Brown attached, amongst other things, copies of I ¿bank statements detailing the various deposits of money that he argued were donations made in favor of Cedric Jr.
On June 29, 2015, the trial court held a hearing on the opposing motions for summary judgment. The record does not contain a transcript of this hearing, but, according to the minute entry, counsel for both parties made appearances and offered arguments on the motions, and the trial court orally rendered judgment in favor of Mr. Brown. Following the conclusion of the hearing, on July 14, 2015, the trial court signed a judgment in accordance with its oral ruling, denying the motion for summary judgment filed on behalf of Ms. Turner and granting the motion for summary judgment filed on behalf of Mr. Brown. The trial court declared that each and every deposit of money into the savings account constituted a donation inter vivos through manual gift in favor of Cedric Jr., and declared that Cedric Jr., as donee of the aforementioned donations, was entitled to ownership and possession of the funds in the savings account. That same date, July 14, 2015, the clerk of court mailed notice of judgment to counsel of record for Ms. Turner and Mr. Brown.
Shortly thereafter, Ms. Turner retained new counsel. On August 14, 2015,-Ms. Turner filed a motion for new trial through new counsel, arguing that the trial court’s ruling on the motions for summary judgment was clearly contrary to the law and evidence. Ms. Turner submitted that only $10,692.84 of the funds within the savings account could have been determined to be the property of Cedric Jr., and she claimed that the remainder of the funds should have been maintained within the succession of the decedent.
Mr. Brown responded to Ms. Turner’s motion for new trial by filing a motion to strike the motion for new trial. Mr. Brown noted that the trial 1 Bcourt mailed notice of judgment to counsel of record for all parties on July 14, 2015, and that Ms. Turner had not filed her motion for new trial until August 14, 2015. Mr. Brown argued that the motion for new trial was untimely pursuant to La. C.C.P. art. 1974.[1] Mr. Brown therefore prayed that the motion for new trial be dismissed without the necessity of a hearing.
On October 22, 2015, Ms. Turner filed a motion to set aside, nullify, and/or in the alternative modify judgment and reinstate the previous judgment of possession. Ms. Turner again argued that the trial court’s ruling on the motions for summary judgment was clearly contrary to the law and the evidence. Ms. Turner further claimed that the trial court’s judgment allowed for the unjust enrichment of Mr. Brown. Ms. Turner requested the trial court order Mr. Brown to appear before the court for a hearing and show cause as to why the trial court should not set aside, nullify, and in the alternative modify the ruling on the motions for summary judgment, including, *405 amongst other things, to show cause as to why the funds awarded to Cedric Jr. should not be put into a trust account for the minor child until he turned eighteen years old.
On November 30, 2015, the motion for new trial, the motion to strike the motion for new trial, and the motion to set aside, nullify, and/or in the alternative modify judgment and reinstate the previous judgment of possession all came before the trial court for a hearing. On December 30, 2015, the trial court signed a judgment denying Ms. Turner’s motion for new trial as untimely, denying Mr. Brown’s motion to strike the motion for new trial, and granting, in part, and denying, in part, the motion to set aside, nullify, and/or in the alternative modify judgment and reinstate the previous | ¿judgment of possession. The trial court ordered all funds in the savings account be maintained, preserved, and administered in accordance with the tutorship laws of Louisiana, as set forth in La. C.C.P. art. 4031, et seq.; ordered Mr. Brown to place the funds in the savings account in trust or in the registry of the court within thirty days of the notice of the signing of the judgment; ordered Mr. Brown to obtain court approval for any action affecting the minor’s property; and ordered Mr. Brown to file an annual accounting. The trial court denied the motion to set aside, nullify, and/or in the alternative modify judgment and reinstate the previous judgment of possession in all other respects. Mr. Brown now appeals.
ASSIGNMENT OF ERROR
Mr. Brown raises the following assignment of error:
1. The trial court committed error when it rendered its December 30, 2015 judgment, insofar and only insofar as it amended its original July 14, 2015 judgment.
DISCUSSION
Initially, we must consider the rule to show cause order issued by this court, ex proprio motu, on May 5, 2016. The rule to show cause order noted that the trial court’s December 30, 2015 judgment appeared to be a nonappealable ruling and directed the parties to show cause as to whether or not the appeal should be dismissed for this reason. On September 19, 2016, the rule to show cause order was referred to the panel to which the merits of the appeal were assigned.
Louisiana Code of Civil Procedure art. 1841 states that a judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. A judgment may be interlocutory or final. A judgment which does not determine the merits but only preliminary matters in the course of an action is an interlocutory judgment, whereas a | judgment that determines the merits in whole or in part is a final judgment. The appellate jurisdiction of this court extends to final judgments. See La. C.C.P. art. 2083; Kelly v. Kelly, 16-0206 (La.App. 1 Cir. 10/31/16), — So.3d -, -, 2016 WL 6534299.
Under Louisiana law, the form and wording of judgments are not sacramental, but the courts do require judgments to be precise, definite, and certain. See Laird v. St. Tammany Parish Safe Harbor, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. In addition, a final judgment must be identified as such by appropriate language, see La. C.C.P. art. 1918, and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Kelly, — So.3d at -. Moreover, a final and appealable judgment must contain appropriate decretal language disposing of or *406 dismissing the ciatos in the case. These determinations should be evident from the language of the judgment without reference to other documents in the record. Id.
In the case at bar, the trial court’s December 30, 2015 judgment granted, in part, Ms. Turner’s motion to set aside, nullify, and/or in the alternative modify judgment and reinstate the previous judgment of possession, and set forth certain restrictions on the use and maintenance of the funds within the savings account. The trial court’s December 30, 2015 judgment is not identified or designated as a final judgment, and, since the judgment modified and amended the trial court’s July 14, 2015 ruling on the opposing motions for summary judgment, the relief granted can only be understood by reference to the trial court’s prior judgment.
In sum, the imprecise, indefinite, and uncertain nature of the trial court’s December 30, 2015 judgment illustrate that, on its face, the judgment is not a final and appealable judgment over which our appellate jurisdiction ^extends. The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writ.[2] See La. C.C.P. art. 2201; Alex v. Rayne Concrete Service, 05-1457 (La. 1/26/07), 951 So.2d 138, 144. Therefore, we dismiss this appeal and remand this matter to the trial court for further proceedings.
DECREE
For the foregoing reasons, we dismiss this appeal for want of appellate jurisdiction and remand this case to the trial court for further proceedings. All costs of this appeal are assessed to the appellant, Cedric Brown, as natural tutor on behalf of his minor son, Cedric Dorien Lastat Brown.
APPEAL DISMISSED.

. Louisiana Code of Civil Procedure art. 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.

. Here, we recognize that we have discretionary authority to convert an appeal from an interlocutory judgment to an application for supervisory writ. See Stelluto v. Stelluto, 05-0074 (La. 6/29/05), 914 So.2d 34, 39. However, the appellate courts of this state ordinarily convert an appeal to an application for supervisory writ only if the motion for appeal is filed within the thirty-day time period allowed for the filing of an application for supervisory writ under Rule 4-3 of the Uniform Rules— Courts of Appeal. See e.g., KAS Properties, LLC v. La. Bd. of Sup’rs for La. State Univ., 14-0566 (La.App. 1 Cir. 4/21/15), 167 So.3d 1007, 1010; Wadick v. General Heating & Air Conditioning, LLC, 14-0187 (La.App. 4 Cir. 7/23/14), 145 So.3d 586, 593, writ denied, 14-1913 (La. 11/21/14), 160 So.3d 972. In the instant case, Mr. Brown did not file his motion for devolutive appeal until February 12, 2016, after the expiration of the thirty-day period for filing an application for supervisory writ; accordingly, we decline to exercise our discretionary authority to convert this appeal to an application for supervisory writ.