# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0779

ROBERT C. LEHMAN

VERSUS

TOMMY BENASCO AND BENASCO CONSTRUCTION, LLC

Judgment Rendered: **FEB 2 6 2020**

\* \* \* \* \* \* \*

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 2011-13533, DIVISION "C"

HONORABLE RICHARD SWARTZ, JUDGE

\* \* \* \* \* \* \*

| | |
|---|---|
| Robert C. Lehman | Plaintiff/Appellant |
| Mandeville, Louisiana | Pro-Se |
| | |
| Julie M. Knight | Attorney for Defendant/Appellee |
| Covington, Louisiana | Tommy Benasco |

Chutz, J. Concurs

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

This is an appeal from a trial court judgment denying a motion to award additional attorney fees, and finding exceptions of prescription and improper use of summary proceedings moot in light of its ruling on the motion. After review, we dismiss the appeal, and remand the matter for a final judgment.

## FACTS AND PROCEDURAL HISTORY

Tommy Benasco hired attorney Robert C. Lehman to provide legal services in connection with claims Mr. Benasco made against his homeowner's insurer for storm damage. The case settled. Afterward, Mr. Lehman maintained that he never received full payment from Mr. Benasco for his legal services pursuant to the parties' contingency fee contract.

Mr. Benasco eventually provided Mr. Lehman with a promissory note for $30,035.00, which provided for monthly payments of $1,776.24. Mr. Benasco paid the first monthly installment, but the second installment check was returned for insufficient funds and no further payments were made.

Mr. Lehman then filed suit against Mr. Benasco for payment of the outstanding balance owed on the promissory note.[1] The trial court ultimately signed a judgment in favor of Mr. Lehman on October 26, 2011, awarding him $30,035.00, less a payment of $1,776.24, plus interest, costs, and attorney fees in the amount of 25 percent of the amount owed.

On October 14, 2015, Mr. Lehman filed a motion for an award of additional attorney fees.[2] In his motion, Mr. Lehman averred that after the judgment was rendered, Mr. Benasco and his wife, Joanne Benasco, filed for Chapter 7 bankruptcy protection and sought to have the debt discharged in bankruptcy. Mr.

---

[1] Benasco Construction, LLC was also named as a defendant but was later dismissed from the suit.
[2] While Mr. Lehman captioned his pleading as a "motion," it was more in the nature of a rule to show cause, as authorized by La. R.S. 9:2781(F).

2

Lehman avers that he was required to spend an extensive amount of time on the bankruptcy litigation and engage the services of an attorney specializing in bankruptcy, and that he incurred substantial attorney fees.

In response, Mr. Benasco opposed Mr. Lehman's motion seeking additional attorney fees, and filed exceptions raising objections of prescription and improper use of summary proceedings. After a hearing, the trial court determined that there was no statute authorizing Mr. Lehman to seek post-judgment attorney fees and costs incurred in enforcing the judgment. The trial court signed a judgment on October 11, 2018, denying the motion for additional attorney fees, and ruling that the exceptions of prescription and improper use of summary proceedings were moot in light of the denial of the motion for additional attorney fees. Mr. Lehman has appealed that judgment.

This court issued a show cause order on July 22, 2019, noting that the judgment does not appear to be a final, appealable ruling. A final judgment must be precise, definite, and certain. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Id.**

A judgment that does not contain decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.

The October 11, 2018 judgment denies a motion for additional attorney fees filed by Mr. Lehman, and it pretermits consideration of the exceptions of

3

prescription and improper use of summary proceedings filed by Mr. Benasco as moot. However, the judgment does not indicate that it dismisses all of Mr. Lehman's claims or whether a La. C.C.P. art. 1915(B) designation was necessary. While Mr. Lehman's contention may be correct that the judgment was final and disposed of all of the claims in this case, the judgment at issue does not provide as such, rather, one must consider extrinsic sources in order to make that determination. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. **State by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd.**, 2017-0448 (La. App. 1 Cir. 2/8/18), 242 So.3d 597, 602. Therefore, in the absence of either appropriate decretal language dismissing the appellant's claims in their entirety or a La. C.C.P. art. 1915(B) designation, the October 11, 2018 judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, this court lacks appellate jurisdiction to review this matter, and we must dismiss this appeal.[3] See **Thompson v. Cenac Towing Co., L.L.C.**, 2018-1282 (La. App. 1 Cir. 4/12/19), 2019 WL 1578170, *2 (unpublished).

## DECREE

For the foregoing reasons, the appeal is dismissed. The matter is remanded to the trial court for a final judgment. The costs of this appeal are assessed against Robert C. Lehman.

**APPEAL DISMISSED; REMANDED.**

---

[3] The motion for appeal was not filed within the thirty-day delay for seeking a writ application. See Uniform Rules-Courts of Appeal, Rule 4.3. The notice of judgment was mailed on October 16, 2018. The motion for appeal was not filed until December 11, 2018. (R.p. 147) As such, this court will not convert the appeal to a writ application. See **Matter of Succession of Porche**, 2016-0538 (La. App. 1 Cir. 2/17/17), 213 So.3d 401, 406, n.2.

4