# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LINDA L. FOLEY

VERSUS

JUDY L. DAVIS, TRUSTEE OF
THE KAY F. ENRIGHT SEPARATE
PROPERTY TRUST

NO.  2019 CW 1481

**MAR 0 3 2020**

---

In Re:   Linda L. Foley, applying for supervisory writs, 21st
Judicial District Court, Parish of Tangipahoa, No.
2013-2470.

---

BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.

WRIT DENIED.  The judgment at issue appears to be a final judgment, but it lacks appropriate decretal language. See La. Code Civ. P. art. 1918; see also **Matter of Succession of Porche**, 2016-0538 (La. App. 1st Cir. 2/17/17), 213 So.3d 401, 405-06. In order for a judgment to be a final and appealable one, it must be precise, definite, and certain.  It must also contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is expressly granted or denied without reference to other documents in the record.  **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). Once a judgment with appropriate decretal language is issued by the district court, it will represent a final, appealable judgment, and Relator will be entitled to file a motion for an appeal therefrom in accordance with applicable law.

PMc
JEW

Holdridge, J., concurs.  A final judgment is one that determines the merits in whole or in part.  La. Code Civ. P. art. 1841.  Although the judgment at issue appears to be a final, appealable judgment, I am bound to follow precedent from this court, which holds that a judgment lacking the required decretal language is not a final, appealable judgment.  See, e.g., **Simon v. Ferguson**, 2018-0826 (La. App. 1st Cir. 2/28/19), 274 So.3d 10, 14.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT