STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1304

DUPLESSIS BUICK-GMC TRUCK, INC.

VERSUS

MICHAEL CHAUNCEY, DAVID RICHARD,
GRETNA USED CAR OUTLET, LLC

*Judgment Rendered:* **MAY 1 1 2020**

********

Appealed from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Case No. 115,093

The Honorable Jason M. Verdigets, Judge Presiding

********

| | |
|---|---|
| Christopher A. Mason<br>Nicole F. Gould Frey<br>Katherine M. Cook<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Duplessis Buick-GMC Truck, Inc. |
| Yigal Bander<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Michael Chauncey |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

In the instant appeal, plaintiff, Duplessis Buick-GMC Truck, Inc. ("Duplessis"), challenges the trial court's July 19, 2019 judgment, sustaining several peremptory exceptions filed by defendant, Michael Chauncey. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

According to the record, Mr. Chauncey was employed as the used car manager at Duplessis until April 2014. Duplessis alleged that after Mr. Chauncey left its employ, it realized "significantly higher profits in the used car division." Thereafter, Duplessis asserted that it discovered that Mr. Chauncey had regularly undersold Duplessis's inventory to Gretna Used Car Outlet, LLC, and one of its members, David Richard. Duplessis filed the instant suit in February 2016 against Mr. Chauncey, alleging claims for breach of Mr. Chauncey's fiduciary duty owed to Duplessis, as well as fraud claims and claims under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401.[1]

In response, Mr. Chauncey filed peremptory exceptions raising the objections of prescription and no cause of action, asserting that Duplessis's claims set forth under general fraud and the LUTPA were prescribed. The trial court sustained the exception raising the objection of no cause of action as to the fraud claims, denying all other exceptions raised by Mr. Chauncey. In an unpublished writ action, this court ultimately determined that Duplessis's tort claims sounding in negligence and fraud were prescribed. This court further found that Duplessis did not allege sufficient facts to establish the existence of a fiduciary relationship between Mr. Chauncey and Duplessis that would support the application of a ten-

---

[1] Also named as defendants in this suit were Mr. Richard and Gretna Used Car Outlet, LLC. On motion of Duplessis, the claims against Mr. Richard and Gretna Used Car Outlet, LLC were subsequently dismissed, with prejudice, on July 25, 2019; they are not parties to the instant appeal.

year prescriptive period. However, this court remanded the matter, allowing Duplessis an opportunity to amend its petition. See **Duplessis Buick-GMC Truck, Inc. v. Chauncey**, 2016-0574 (La. App. 1 Cir. 10/6/16) (unpublished writ action).

On August 13, 2018, Duplessis filed an amended petition, attempting to set forth allegations to establish a fiduciary relationship. In response, Mr. Chauncey filed peremptory exceptions raising the objections of prescription, no cause of action, res judicata and/or law of the case, and peremption. Therein, Mr. Chauncey asserted that Duplessis failed to set forth specific facts to establish that he owed a fiduciary duty. Following a hearing on Mr. Chauncey's exceptions, the trial court signed a judgment on July 19, 2019, which provides as follows:

> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Exception of No Cause of Action and Prescription related to breach of fiduciary duty filed by the Defendant, Michael Chauncey, is hereby **SUSTAINED** and Duplessis Buick-GMC Truck, Inc.'s claims against Mr. Chauncey for breach of fiduciary duty are hereby **DISMISSED WITH PREJUDICE.**
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Exception of Prescription related to fraud filed by the Defendant, Michael Chauncey, is hereby **SUSTAINED** and Duplessis's claims against Mr. Chauncey to fraud are hereby **DISMISSED WITH PREJUDICE.**
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Exception of No Cause of Action and/or Res Judicata related to relative nullity filed by the Defendant, Michael Chauncey, is hereby **SUSTAINED** and Duplessis's claims against Mr. Chauncey for relative nullity are hereby **DISMISSED WITH PREJUDICE.**
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Exception of Peremption related to claims under the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTPA) filed by the Defendant, Michael Chauncey, is hereby **SUSTAINED** and Duplessis's claims against Mr. Chauncey under LUTPA are hereby **DISMISSED WITH PREJUDICE.**

This appeal by Duplessis followed. After the record was lodged in this court, we issued a rule to show cause, *ex proprio motu*, noting that the judgment

appeared to be a partial judgment that was not designated by the trial court under La. Code Civ. P. art. 1915(B). This court ordered the parties to show cause, by briefs, why the appeal should not be dismissed and further remanded the matter for the limited purposes of inviting the trial court to either designate the judgment if it chose to do so or "advise this court in writing that the judgment at issue does not warrant or need the La. C.C.P. art. 1915(B) designation." In response to this order, we received correspondence from Judge Verdigets and a brief from Duplessis.

Judge Verdigets responded to this court's order with the following letter:

> Considering the Rule to Show Cause Order issued in the above referenced case by the First Circuit Court of Appeal, this court is advising that the judgment at issue does not warrant or need the La. C.C.P. art. 1915(B) designation. Here, the court has issued a partial judgment as to one or more, but less than all of the claims, demands, issues, or theories against a party, and thus the judgment does not constitute a final judgment unless designated as a final judgment by the court after an express determination that there is no just reason for delay. Since the judgment at issue is only a partial judgment and the judgment was not designated as a final judgment, a La. C.C.P. art. 1915(B) designation is unnecessary.

To the contrary, Duplessis argued in brief that the trial court's July 19, 2019 judgment effectively dismisses the entirety of Duplessis's suit with prejudice. Specifically, Duplessis alleged that all of its claims were dismissed against Mr. Chauncey by the judgment at issue, and the judgment "issued and written by the trial court was intended to be a final, appealable judgment." Duplessis further noted that it sought the trial court's intervention to inform this court that all claims were dismissed and that the judgment at issue is a final judgment, or alternatively requested that the trial court amend its written judgment regarding same. Duplessis asserted that it had done what is in its power to correct the judgment to show on its face that the entirety of its claims were dismissed, adding that counsel for Mr. Chauncey has consented and agreed that the judgment at issue is a final, appealable judgment, and that same is apparent from the court record.

4

# DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La. App. 1 Cir. 11/19/19), ___ So.3d ___, ___, 2019 WL 6167832, *1; **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). This court's appellate jurisdiction only extends to "final judgments." **Rose v. Twin River Development, LLC**, 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So.3d 679, 683; see also La. Code Civ. P. art. 2083(A).

A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Matter of Succession of Weber**, 2018-1337 (La. App. 1 Cir. 4/29/19), 276 So.3d 1021, 1026-1027. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. Thus, a judgment that does not contain decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. See **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.

In the instant case, while the parties maintain that the July 19, 2019 judgment dismissed all the claims that Duplessis asserted against Mr. Chauncey, the judgment contains no such decretal language. To determine same would require consideration of other documents in the record outside of the judgment

itself. Moreover, in its October 16, 2019 correspondence to this court, the trial court indicates that the judgment at issue is a partial judgment. In the event that the judgment is partial, it is not a final appealable judgment absent a designation by the trial court, which the trial court has not done. See La. Code Civ. P. art. 1915(B)(1). Considering the foregoing, we dismiss the instant appeal.[2] See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046-1047 ("[I]n the absence of a valid final judgment, this court lacks subject matter jurisdiction and the appeal should be dismissed.") Once a valid final judgment is signed, any party can thereafter appeal.

## DECREE

For the above and foregoing reasons, we dismiss Duplessis's appeal of the trial court's July 19, 2019 judgment. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[2] Here, we recognize that we have discretionary authority to convert an appeal from an interlocutory judgment to an application for supervisory writ. **Matter of Succession of Porche**, 2016-0538 (La. App. 1 Cir. 2/17/17), 213 So.3d 401, 406 n.2. However, the appellate courts of this state ordinarily convert an appeal to an application for supervisory writ only if the motion for appeal is filed within the thirty-day time period allowed for the filing of an application for supervisory writ under Uniform Rules–Courts of Appeal, Rule 4-3. See e.g., **KAS Properties, LLC v. Louisiana Bd. of Supervisor for Louisiana State University**, 2014-0566 (La. App. 1 Cir. 4/21/15), 167 So.3d 1007, 1010; **Wadick v. General Heating & Air Conditioning, LLC**, 2014-0187 (La. App. 4 Cir. 7/23/14), 145 So.3d 586, 593, writ denied, 2014-1913 (La. 11/21/14), 160 So.3d 972. In the instant case, Duplessis did not file its motion for devolutive appeal until August 29, 2019, after the expiration of the thirty-day period for filing an application for supervisory writ; accordingly, we decline to exercise our discretionary authority to convert this appeal to an application for supervisory writ.