# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2021 CA 1221

# IN THE MATTER OF THE SUCCESSION OF
## JULIUS CHARLES BLAHUT

Judgment Rendered:   APR 0 8 2022

* * * * * *

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 17492

Honorable Brenda Bedsole Ricks, Judge Presiding

* * * * * *

| | |
|---|---|
| A. Shelby Easterly, III<br>Denham Springs, LA | Counsel for Plaintiff/Appellee<br>Margurite Stewart |
| James A. Harry<br>Springfield, LA | Counsel for Intervenor/Appellant<br>Joseph Timberlake |

* * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

**McClendon, J.**

In this matter, the intervenor appeals the denial of his motion for summary judgment. Finding that we lack jurisdiction, we dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

Julius Charles Blahut, a lifelong resident of Livingston Parish, died on May 10, 2019. The decedent had executed a Last Will and Testament on February 24, 2017.[1] On January 17, 2020, Margurite Stewart, named as executrix in the will, filed a Petition for Probate of Notarial Testament and Confirmation of Executor. On January 27, 2020, the trial court signed an Order of Probate and Confirmation of Executor. Thereafter, on August 12, 2020, Joseph Timberlake, Mr. Blahut's grandson, filed a Petition for Intervention, Stay and to Vacate and Set Aside the order of January 27, 2020, asserting the invalidity of the will.

Also on August 12, 2020, Mr. Timberlake filed a motion for summary judgment, alleging that the will was an absolute nullity because it did not comply with the essential legal elements for a proper notarial will. Following a hearing on the motion for summary judgment on March 15, 2021, the trial court took the matter under advisement. On April 9, 2021, the trial court signed Reasons for Judgment, finding that the will substantially complied with the legal requirements for a valid attestation clause. Accordingly, the trial court denied Mr. Timberlake's motion for summary judgment. The trial court signed a judgment on April 29, 2021, in conformity with its reasons. The judgment further ordered, adjudged, and decreed that there was no just reason for delay and that the judgment constituted a final judgment. Mr. Timberlake appealed.

---

[1] The will provided that Mr. Blahut had been married but once, to Doris Furca Blahut, who predeceased him, and that three children were born of the marriage, namely, Linda Blahut Timberlake, Katherine Blahut Harris, and Jessie Blahut. Jessie Blahut predeceased the decedent and had no children. Linda Blahut Timberlake predeceased the decedent and had two children, Joseph Timberlake and Angie Timberlake. After certain specific bequests to Margurite Stewart, Mr. Blahut bequeathed his remaining estate in the following proportions: a one-half interest to Katherine Blahut Harris, a one-fourth interest to Joseph Timberlake, and a one-fourth interest to Angie Timberlake.

2

## APPELLATE JURISDICTION

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Appellate courts have a duty to examine their subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.,** 17-1250 (La.App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 *(en banc).* This Court's appellate jurisdiction extends to "final judgments." **Beverly Construction, L.L.C. v. Wadsworth Estates, L.L.C.,** 19-0909 (La.App. 1 Cir. 2/21/20), 297 So.3d 1, 2. A final judgment is a judgment that determines the merits in whole or in part; a judgment that does not determine the merits, but only preliminary matters in the course of an action, is an interlocutory judgment. LSA-C.C.P. art. 1841. A final judgment is appealable in all causes in which appeals are given by law; an interlocutory judgment is appealable only when expressly provided by law. LSA-C.C.P. art. 2083.

The denial of a motion for summary judgment is a preliminary matter in the course of the action, and thus is an interlocutory judgment that is not appealable and cannot be certified as such. **Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.,** 06-0992 (La.App. 1 Cir. 3/23/07), 960 So.2d 939, 940. We acknowledge that the judgment before us contains a certification that it is a final judgment, as provided under LSA-C.C.P. art. 1915B(1).[2] However, the provisions of Article 1915B do not apply to the denial of a summary judgment motion. **Ascension School Employees Credit Union,** 960 So.2d at 939. Furthermore, LSA-C.C.P. art. 968 provides that "[a]n appeal

---

[2] Article 1915B(1) provides:

> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

3

does not lie from the court's refusal to render any judgment on the pleading or summary judgment."

Accordingly, because our laws do not provide for an immediate appeal of an interlocutory judgment denying a motion for summary judgment, we find no basis for the appeal presented by the interlocutory judgment before us and dismiss the appeal.[3]

## CONCLUSION

For the above reasons, we dismiss this appeal and assess all costs to the intervenor/appellant, Joseph Timberlake.

**APPEAL DISMISSED.**

---

[3] The proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writs filed within thirty days of the interlocutory judgment. See LSA-C.C.P. art. 2201; **Johnson v. C's Transportation Services, LLC**, 20-0338 (La.App. 1 Cir. 8/4/21), 2021 WL 3418693, at *1 (unpublished). Also, we recognize that we have discretionary authority to convert an appeal from an interlocutory judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 05-0074 (La. 6/29/05), 914 So.2d 34, 39. However, the appellate courts of this state ordinarily convert an appeal to an application for supervisory writs only if the motion for appeal is filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules—Courts of Appeal. See **Matter of Succession of Porche**, 16-0538 (La.App. 1 Cir. 2/17/17), 213 So.3d 401, 406 n.2. In the instant case, Mr. Timberlake did not file his motion for devolutive appeal until June 14, 2021, after the expiration of the thirty-day period for filing an application for supervisory writs. Accordingly, we decline to exercise our discretionary authority to convert this appeal to an application for supervisory writs.

4