COX, J.
This appeal arises from the Fourth Judicial District Court, Ouachita Parish, Louisiana. The appellant, Johnny Dollar ("Dollar"), appeals a judgment from the trial court wherein it granted Appellee's dilatory exception of prematurity, dismissing Dollar's suit with prejudice. On appeal, Dollar argues that the trial court erred in granting Appellee's exception of prematurity and dismissing his action with prejudice. For the following reasons, we reverse and remand the suit without prejudice for further proceedings.
FACTS
Dollar and John Laird ("Laird") were members of Chapel Hill, L.L.C. ("Chapel Hill"), in which Laird owned a 7.75% membership interest. On September 21, 2009, Laird executed a Transfer and Assignment, wherein he purported to transfer his membership interest in Chapel Hill to Dollar. Paragraph 7 of the Transfer and Assignment states:
Assignor represents and warrants that it is not under any legal impediment or subject to any agreements that prevent its transfer and assignment of the interest herein described and Assignor shall indemnify and holds Assignee harmless from any and all claims resulting from any claims of third parties in connection therewith.
At the time of the transfer, litigation was pending between Laird and his ex-wife regarding a divorce and division of community property. Subsequently, Dollar was made a defendant in the suit.
On March 14, 2013, the trial court rendered judgment in favor of Mrs. Laird, finding that the Chapel Hill membership interest was community property and recognizing her as a co-owner in indivision. As a result of that judgment, Dollar purchased Mrs. Laird's community membership *907 interest in Chapel Hill for a "sum certain."[1]
On December 30, 2014, Dollar filed an indemnity action against Laird. On March 26, 2015, Laird filed a dilatory exception of prematurity, stating that the action was premature due to a lack of final judgment regarding the Chapel Hill interest and its valuation. The exception was heard on July 28, 2017, and the trial court granted the exception, dismissing Dollar's suit with prejudice.
On April 10, 2018, the trial court rendered a final judgment in Laird v. Laird, which addressed the Chapel Hill interest. Dollar now appeals.
DISCUSSION
In his sole assignment of error, Dollar argues that the trial court erred in granting Laird's exception of prematurity and dismissing his action with prejudice.
Louisiana C.C.P. art. 926 provides for the dilatory exception raising the objection of prematurity. The exception of prematurity addresses the issue of whether a judicial cause of action has yet come into existence because a prerequisite condition has not been fulfilled. An action will be deemed premature when it is brought before the right to enforce it has accrued. Prematurity is determined by the facts existing at the time the lawsuit is filed. Heacock v. Cook , 45,868 (La. App. 2 Cir. 12/29/10), 60 So.3d 624.
Because the trial court rendered a final judgment regarding Chapel Hill, this matter is ripe for litigation.[2] We, therefore, reverse the trial court's judgment dismissing Dollar's suit under the exception of prematurity. Additionally, the trial court erred in dismissing the suit with prejudice. At oral argument, both parties agreed that if the suit were dismissed, it should have been dismissed without prejudice. Thus, we remand the action to the trial court for further proceedings pertaining to Dollar's indemnity action.
CONCLUSION
For the foregoing reasons, we reverse the trial court's judgment dismissing Dollar's indemnity action with prejudice and remand the action for further proceedings. Costs of this appeal are assessed to the Appellee, John Laird.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before Henry N. Brown Jr., Felicia Toney Williams, Jeanette Giddens Garrett, Shonda D. Stone, and Jeff Cox - Writing, JJ.
Rehearing denied.

The record does not contain the date on which Dollar purchased Mrs. Laird's community interest of Chapel Hill. It also does not state the amount for which Dollar purchased the interest.

This Court was made aware by counsel during oral argument that a final judgment had been rendered in Laird v. Laird. The panel requested a certified copy of the judgment, which was subsequently made part of the record on July 10, 2018.