NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

WIL, III by CHH

FIRST CIRCUIT

2024 CA 0276

PADDY CROSBY, AS THE TRUSTEE OF THE AARON GUIDRY TRUST
AND TRUSTEE OF THE LAUREN GUIDRY TRUST, AARON GUIDRY
AND LAUREN GUIDRY LEYRER

VERSUS

CROSBY ENTERPRISES, LLC, CROSBY DREDGING, LLC, TALA AIR
LOGISTICS, LLC, CROSBY HOLDINGS, LLC, BERTUCCI
CONTRACTING COMPANY, LLC, TALA ENVIRONMENTAL, LLC,
TALA REAL ESTATE, LLC, TALA RENEWABLES, LLC, TALA
SOLUTIONS, LLC, TALA BARGE COMPANY, LLC, TALA MARINE,
L.L.C., TALA MARINE REPAIRS, LLC, CROSBY MARINE REPAIRS,
LLC, CROSBY INVESTORS, LLC, CROSBY INVESTORS II, LLC, KURT
CROSBY AND FARREL TROSCLAIR

*Judgment Rendered:* DEC 3 0 2024

********

Appealed from the 17TH Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. C-145972

The Honorable Christopher J. Boudreaux, Judge Presiding

********

Jerald P. Block
Sarah M. Lambert
Thibodaux, Louisiana

Counsel for Defendants/Appellants
Crosby Enterprises, LLC, Crosby
Dredging, LLC, Tala Air Logistics, LLC,
Crosby Holdings, LLC, Bertucci
Contracting Company, LLC, Tala
Environmental, LLC, Tala Real Estate,
LLC, Tala Renewables, LLC, Tala
Solutions, LLC, Tala Barge Company,
LLC, Tala Marine, LLC, Tala Marine
Repairs, LLC, Crosby Marine Repairs,
LLC, Crosby Investors, LLC, Crosby

Chutz, J. concurs by CHH

Hester, J. concurs

Investors, II, LLC, Kurt Crosby and
Farrell Trosclair

William N. Abel
Thibodaux, Louisiana

Yvette A. D'Aunoy
Kyle D. Schonekas
William P. Gibbens
New Orleans, Louisiana

Counsel for Plaintiffs/Appellees
Paddy Crosby, as the Trustee of the
Aaron Guidry Trust and Trustee of the
Lauren Guidry Trust, Aaron Guidry and
Lauren Guidry Leyrer

\*\*\*\*\*\*\*\*

BEFORE: CHUTZ, LANIER, AND HESTER, JJ.

2

**LANIER, J.**

The defendants, Crosby Enterprises, LLC, Crosby Dredging, LLC, TALA Air Logistics, LLC, Crosby Holdings, LLC, Bertucci Contracting Company, LLC, TALA Environmental, LLC, TALA Real Estate, LLC, TALA Renewables, LLC, TALA Solutions, LLC, TALA Barge Company, LLC, TALA Marine, L.L.C., TALA Marine Repairs, LLC, Crosby Marine Repairs, LLC, Crosby Investors, LLC, Crosby Investors II, LLC, Kurt Crosby, and Farrel Trosclair appeal the judgment of the Seventeenth Judicial District Court on plaintiffs' petition for writ of mandamus. The defendants have also filed a motion to supplement the appellate record with this court. The plaintiffs, Paddy Crosby, as the trustee of the Aaron Guidry Trust and trustee of the Lauren Guidry Trust, Aaron Guidry, and Lauren Guidry Leyrer, have filed a motion to strike portions of the defendants' brief with this court. For the reasons set forth herein, we amend the judgment of the district court in part and affirm, as amended, deny the defendants' motion to supplement the record, and deny the plaintiffs' motion to strike.

## FACTS AND PROCEDURAL HISTORY[1]

On October 28, 2022, the plaintiffs filed a petition for writ of mandamus against the defendants,[2] in which the plaintiffs alleged that they were minority owners and members of the defendants, which had refused to respond to their records requests for two months at the time of the petition's filing. It was alleged that Kurt Crosby was the agent and managing member of the named defendants,

---

[1] For background on the related petition for damages, and this court's decision on the exception filed in same, see *Crosby as Trustee of Aaron Guidry Trust v. Crosby Enterprises, LLC*, 2023-1338 (La. App. 1 Cir. 8/9/24), ___ So.3d ___, 2024WL3733158.

[2] At the time the original petition was filed, the only named defendants were Crosby Enterprises, LLC, Crosby Dredging, LLC, TALA Air Logistics, LLC, Crosby Holdings, LLC, Bertucci Construction, LLC, Kurt Crosby, and Farrel Trosclair. In their first amended and supplemental petition, the plaintiffs added the remainder of the Crosby entities as defendants and replaced Bertucci Construction, LLC with Bertucci Contracting Company, LLC.

3

except for TALA Air Logistics, LLC, for which Farrel Trosclair was the agent and managing member.

The plaintiffs further alleged that on August 17, 2022, Paddy Crosby mailed three letters to Kurt Crosby requesting an opportunity pursuant to La. R.S. 12:1319(B)[3] and the Crosby Enterprises, LLC operating agreement to inspect the books and records of the defendants in her capacity as trustee of the Aaron Guidry Trust and the Lauren Guidry Trust. Paddy Crosby also sent a letter to Farrel Trosclair requesting the same and in the same capacity. Aaron Guidry and Lauren Guidry Leyrer also sent a letter to Kurt Crosby requesting to inspect the books and records of Crosby Holdings, LLC.

All the letters sent to the defendants requested that the inspection take place no later than September 7, 2022. After the plaintiffs received no responses to their letters, Paddy Crosby sent additional letters on September 9, 2022 stating she was willing to extend the deadline to inspect the books and records to October 1, 2022. After no response was received to those letters, the plaintiffs alleged they again sent letters to Kurt Crosby and Farrel Trosclair that they would not go beyond October 19, 2022 to schedule a time to inspect the books and records of the defendants. The plaintiffs alleged that the defendants never honored their requests. Based on the above allegations, the plaintiffs claimed that the defendants refused to

---

[3] Louisiana Revised Statutes 12:1319(B) states:

> B. Unless otherwise provided in the articles of organization or an operating agreement, a member may do any of the following:
> (1) At the member's own expense, inspect and copy any limited liability company record upon reasonable request during ordinary business hours.
> (2) Obtain from time to time upon reasonable demand the following:
> (a) True and complete information regarding the state of the business and financial condition of the limited liability company.
> (b) Promptly after becoming available, a copy of the limited liability company's federal and state income tax returns for each year.
> (c) Other information regarding the affairs of the limited liability company as is just and reasonable.
> (3) Demand a formal accounting of the limited liability company's affairs whenever circumstances render it just and reasonable.

comply with La. R.S. 12:1319(B), and therefore the plaintiffs were entitled under La.C.C. art. 3864(B) to have a writ of mandamus issued by the district court to compel the defendants to make their books and records available to the plaintiffs.

The defendants filed a dilatory exception raising the objection of prematurity with its opposition to the petition for writ of mandamus on May 8, 2023. In the exception, the defendants argued that according to the operating agreements, the matter had to first go through arbitration before reaching the district court. The defendants also averred that they had agreed to give the plaintiffs access to their books and records, but that the plaintiffs were not satisfied with the amount of time it was taking for the defendants to provide the records and instead filed the petition for writ of mandamus. In response, the plaintiffs argued that no factual dispute exists in this matter, since the defendants do not dispute that the plaintiffs do hold ownership interests in the companies. Additionally, the plaintiffs argued that despite what may be written in the operating agreements, they are nevertheless entitled under La. R.S. 12:1319(B) to inspect the books and records.

Following a hearing, the district court signed a judgment on September 6, 2023, that granted the plaintiffs' writ of mandamus, requiring the defendants to provide a series of documents to the plaintiffs enumerated in the judgment. The defendants filed a motion for suspensive appeal on February 6, 2024.[4] Subsequently, the plaintiffs filed with this court a motion to strike a portion of the defendants' brief for offensive and irrelevant language in violation of the Uniform Rules of Courts of Appeal, Rule 2-12.2(B).[5]

---

[4] The Crosby entities initially filed notice of intent to file a supervisory writ application and request for stay of proceedings on September 15, 2023. This court granted the writ, finding that the September 6, 2023 judgment was final and appealable, and issued an order to extend the delay for the Crosby entities to file an appeal until February 8, 2024. *Paddy Crosby, et al. v. Crosby Enterprises, LLC, et al.*, 2023-1026 (La. App. 1 Cir. 1/9/24), 2024 WL 93419 (unpublished writ action).

[5] Rule 2-12.2(B) states:

## ASSIGNMENTS OF ERROR

The defendants raise six assignments of error:

1. The district court erred in failing to make the production of documents in the instant case subject to a confidentiality agreement in order to protect the private and proprietary information of the defendants.

2. The district court erred in ordering the production of documents that exceed the scope of La. R.S. 12:1319.

3. The district court erred in ordering the disclosure of bank records where plaintiffs failed to make showings of relevancy and good cause.

4. The district court erred in failing to address the defendants' exception of prematurity in its judgment.

5. The district court erred in failing to enforce the arbitration agreements in the operating agreements.

6. The district court erred in granting the extraordinary remedy of mandamus which is not warranted under the facts of the instant case.

## DISCUSSION

*Exception of Prematurity*

Initially we note that the judgment does not state whether the dilatory exception raising the objection of prematurity is granted or denied. Generally, when a district court's judgment is silent with respect to a party's claim, it is presumed that the trial court denied the relief sought. *Testa Distributing Co., Inc. v. Tarver*, 584 So.2d 300, 303, n.4 (La. App. 1 Cir. 1991). However, the transcript indicates that the district court orally denied the exception. Therefore, with respect to the exception raising the objection of prematurity raised in the instant case, the district court's ruling must be deemed as a denial thereof. See *Id.*

---

The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Subsection shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

6

The denial of a dilatory exception cannot be designated as final under La. C.C.P. art. 1915(B). *Dyson v. Seal*, 2021-0456 (La. App. 1 Cir. 12/22/21), 340 So.3d 1226, 1227; *Young v. City of Plaquemine*, 2004-2305 (La. App. 1 Cir. 11/4/05), 927 So.2d 408, 411. A judgment overruling an exception is generally considered an interlocutory judgment and is not appealable. *State Through Louisiana Board of Ethics v. Dumas*, 2023-0013 (La. App. 1 Cir. 6/2/23), 370 So.3d 55, 58 n.1. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment. *Id.* Since this court has previously ruled that the instant judgment is final and appealable in *Paddy Crosby, et al. v. Crosby Enterprises, LLC et al.*, 2023-1026 (La. App. 1 Cir. 1/9/24), 2024 WL 93419, *1 (unpublished writ action), we will review the district court's denial of the dilatory exception in connection with the judgment granting the plaintiff's petition for mandamus.

The dilatory exception raising the objection of prematurity, provided for in La. C.C.P. art. 926(A)(1), questions whether the cause of action has matured to the point where it is ripe for judicial determination. *Kelleher v. University Medical Center Management Corporation*, 2021-00011 (La. 10/10/21), 332 So.3d 654, 657. An action will be deemed premature when it is brought before the right to enforce it has accrued. *Dollar v. Laird*, 52,097 (La. App. 2 Cir. 8/15/18), 253 So.3d 905, 907, writ denied, 2018-1727 (La. 1/8/19), 260 So.3d 589. Prematurity is determined by the facts existing at the time the suit is filed. *Gordon v. Pointe Coupee Health Service Dist. One*, 2009-2202 (La. App. 1 Cir. 8/11/10), 47 So.3d 565, 568, writ denied, 2010-2067 (La. 11/12/10), 49 So.3d 894.

No evidence or testimony was introduced at the hearing, and only arguments were made by the parties. If no evidence is offered at the hearing on the exception, the allegations in the petition must be accepted as true. *Thomas v. Regional Health*

7

*System of Acadiana, LLC*, 2019-00507 (La. 1/29/20), 347 So.3d 595, 600. Since the original petition was filed October 28, 2022, we must determine whether the petition was prematurely filed on that date. The petition alleges that the plaintiffs had mailed requests to the defendants through multiple letters on August 17, 2022, September 9, 2022, and October 11, 2022. By the facts of the petition, taken to be true, the plaintiffs made requests over the span of approximately two months to inspect the defendants' books and records, and those requests were either ignored or denied.

In the dilatory exception raising the objection of prematurity, the exceptor bears the initial burden of showing that a remedy or procedure applies, by reason of which the lawsuit is premature. See *Dutrey v. Plaquemine Manor Nursing Home*, 2012-1295 (La. App. 1 Cir. 6/17/13), 205 So.3d 934, 941. Although the defendants allude to applicable operating and arbitration agreements in their memorandum in support and oral argument before the district court, no such documents were introduced as evidence to the district court. Without any showing of an applicable remedy that would render the mandamus suit premature, the defendants failed to meet their burden, and the district court correctly denied the dilatory exception raising the objection of prematurity. Assignments four and five are without merit.

*Writ of Mandamus*

Louisiana Code of Civil Procedure article 3864(B) states:

A writ of mandamus may be directed to a limited liability company or a member or manager thereof to compel either of the following:

(1) The holding of an election or the performance of other duties required by the limited liability company's articles of organization or operating agreement, or as prescribed by law.
(2) The recognition of the rights of the limited liability company's members.

8

Mandamus is an extraordinary remedy to be applied where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. See La. C.C.P. art. 3862; *Thornton ex rel. Laneco Const. Systems, Inc. v. Lanehart*, 97-1995 (La. App. 1 Cir. 12/28/98), 723 So.2d 1118, 1122, writ denied, 99-0276 (La. 3/19/99), 740 So.2d 1999. As a general rule, a district court's judgment on a writ of mandamus is reviewed under an abuse of discretion standard, while findings of fact are subject to a manifest error standard of review. See *Talley v. Louisiana Department of Transportation and Development*, 2022-0983 (La. App. 1 Cir. 2/24/23), 361 So.3d 1041, 1050, writ denied, 2023-00557 (La. 6/7/23), 361 So.3d 976. However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Carver v. Louisiana Department of Public Safety*, 2017-1340 (La. 1/30/18), 239 So.3d 226, 230.

Again, no evidence or testimony was introduced at the hearing on the mandamus action, but the plaintiffs argued that they were entitled to inspect the defendants' books and records pursuant to La. R.S. 12:1319(B). There is no dispute in the record or among the parties that Aaron Guidry and Lauren Guidry Leyrer are members of the defendants' companies, or that Paddy Crosby is the trustee of the Aaron Guidry Trust and the Lauren Guidry Trust. Pursuant to La. R.S. 12:1319(A), the defendants are required to keep the following records at its registered office:

(1) A current list of the full name and last known business address of each member and manager;

(2) Copies of records which would enable a member to determine the relative voting rights of the members;

(3) A copy of the articles of organization, together with any amendments thereto;

(4) Copies of the limited liability company's federal and state income tax returns and reports, if any, for the three most recent years;

(5) A copy of any operating agreement which is in writing;

9

(6) Copies of any financial statements of the limited liability company for the three most recent years.

Under La. R.S. 12:1319(B)(1), a member of the limited liability company may inspect any of the above records upon reasonable request, at the member's own expense. We find that, under the plain reading of the law, the plaintiffs, as undisputed members of the defendants' companies, are entitled to inspect the records described in La. 12:1319(A). See *Khoobehi Properties, LLC v. Baronne Development No. 2, L.L.C.*, 2016-0506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 296, writ denied, 2017-0893 (La. 9/29/17), 227 So.3d 288 (The right to obtain and inspect the records of the limited liability company is reserved to members of the LLC). Therefore, the district court did not abuse its discretion in granting the writ of mandamus. Assignment of error number six is without merit.

*Production of Documents*

The defendants' second assignment of error addresses the scope and nature of the production of documents. The district court's judgment on the writ of mandamus ordered the defendants to produce seventeen items to the plaintiffs for their inspection. As an initial matter, we find that names and business addresses of the defendant companies' members and managers, as well as voting rights of the members, are discoverable by the plaintiffs. La. R.S. 12:1319(A)(1) and (2). Additionally, the articles of organization, their amendments, and their pertinent operating agreements, are discoverable by the plaintiffs. La. R.S. 12:1319(A)(3) and (5). Federal and state tax returns, and financial statements of the defendant companies of the three years prior to the filing of the petition for writ of mandamus, are discoverable by the plaintiffs. La. R.S. 12:1319(A)(4) and (6). In so finding, we address the following individual items numbered in the judgment as follows:

1. _Annual audited financial statements or accounting reviews for 2018, 2019, 2020, and 2021._ Under part (6), financial statements for the three most recent years are subject to discovery by the plaintiffs. The petition for writ of mandamus was filed on October 28, 2022. These items are reasonably considered to be financial statements. The financial statements for the years 2019 through 2021 are discoverable, while the financial statements for 2018 do not meet the requirements of part (6) and are not subject to discovery by the plaintiffs.

2. _A full copy of the most recent billing statement or other documentation showing the amount due on each loan currently in effect to any defendant company, any affiliate of a defendant company, or any subsidiary of a defendant company._ Under part (6), financial statements for the three most recent years are subject to discovery by the plaintiffs. These items are reasonably considered to be financial statements.

3. _A full copy of each loan or letter of credit currently in effect reflecting any debt owed by any defendant company, any affiliate of a defendant company, or any subsidiary of a defendant company._ Under part (6), financial statements for the three most recent years are subject to discovery by the plaintiffs. These items are reasonably considered to be financial statements.

4. _The detailed general ledger for all defendant companies for 2017, 2018, 2019, 2020, and 2021._ Under part (6), financial statements for the three most recent years are subject to review by the plaintiffs. These items are reasonably considered to be financial statements. The petition for writ of mandamus was filed on October 28, 2022; therefore, the defendants' financial statements for the years 2019 through 2021 are discoverable, while the financial statements for 2017 and 2018 do not meet the requirements of part (6) and are not subject to discovery by the plaintiffs.

11

5. **Interim financial statements for January 2022 to date.** Under part (6), financial statements for the three most recent years are subject to discovery by the plaintiffs. These items are reasonably considered to be financial statements.

6. **Federal and state tax returns for 2018, 2019, 2020, and 2021.** Under part (4), federal and state tax returns and reports for the three most recent years are subject to discovery by the plaintiffs. The petition for writ of mandamus was filed on October 28, 2022; therefore, the defendants' financial statements for the years 2019 through 2021 are discoverable, while the tax returns for 2018 do not meet the requirements of part (4) and are not subject to discovery by the plaintiffs.

7. **Monthly bank statements for January 2017 to date.** Under part (6), financial statements for the three most recent years are subject to discovery. These items are reasonably considered to be financial statements. The petition for writ of mandamus was filed on October 28, 2022; therefore, the defendants' bank statements for the years 2019 to date are discoverable, while the bank statements for 2017 and 2018 do not meet the requirements of part (6) and are not subject to discovery by the plaintiffs.

8. **The most recent version, if any, of an organization chart in existence as of July 1, 2022, whether in narrative or graphic form, showing the relationship between defendant companies and any and all affiliates of defendant companies.** Insofar as the documents comply with La. R.S. 12:1319, they are discoverable by the plaintiffs.

9. **The most recent summary, if any, in existence as of July 1, 2022, whether in narrative or graphic form, describing contractual obligations owed to or by defendant companies and any and all affiliates of defendant companies.**

Insofar as the documents comply with La. R.S. 12:1319, they are discoverable by the plaintiffs.

10. A copy of the initiating document (whether petition, complaint, or otherwise), in any lawsuits, arbitrations, or other formal legal proceedings commenced by or against defendant companies for January 1, 2017 to date. Insofar as the documents comply with La. R.S. 12:1319, they are discoverable by the plaintiffs.

11. Any and all appraisals of property owned by defendant companies for January 1, 2017 to date, including but not limited to any desktop and/or marine surveys. Insofar as the documents comply with La. R.S. 12:1319, they are discoverable by the plaintiffs.

12. Any notices, liens, or levies for unpaid or underpaid taxes from the Internal Revenue Service and/or the Louisiana Department of Revenue. Under part (4), federal and state tax returns and reports for the three most recent years from the filing of the petition for writ of mandamus are subject to discovery by the plaintiffs.

13. All minutes from any meetings regarding the governance or operation of defendant companies for January 1, 2017, included but not limited to minutes of any meetings of members or managers. Insofar as the documents comply with La. R.S. 12:1319, they are discoverable by the plaintiffs.

14. Documents, including promissory notes, reflecting any loans to any members of defendant companies or from any members of defendant companies, including payment or repayment history. Under part (6), financial statements for the three most recent years are subject to discovery by the plaintiffs. These items are reasonably considered to be financial statements.

15. The membership ledger of defendant companies and all membership certificates or other evidence of ownership interest issued from date of formation to date. Under parts (1) and (2), names and business addresses of members and managers, as well as voting rights of members, are subject to discovery by the plaintiffs.

16. The most recent valuation of membership or ownership interests in defendant companies. Under parts (1) and (2), names and business addresses of members and managers, as well as voting rights of members, are subject to discovery by the plaintiffs.

17. Any other items maintained as part of the formal books and records of defendant companies (but not their affiliates). Insofar as the documents comply with La. R.S. 12:1319, they are discoverable by the plaintiffs.

Accordingly, we amend the items in the judgment as follows:

1. Annual audited financial statements or accounting reviews authored in 2019, 2020, and 2021 are discoverable and shall be made available for the Plaintiffs to inspect and copy.

2. A full copy of billing statements or other documentation authored in 2019, 2020, or 2021, showing the amount due on each loan currently in effect to any defendant company, any affiliate of a defendant company, or any subsidiary of a defendant company is discoverable and shall be made available for the Plaintiffs to inspect and copy.

3. A full copy of each loan or letter of credit authored in 2019, 2020, or 2021, currently in effect reflecting any debt owed by any defendant company, any affiliate of a defendant company, or any subsidiary of a defendant company is discoverable and shall be made available for the Plaintiffs to inspect and copy.

14

4. The detailed general ledger for all defendant companies for 2019, 2020, and 2021 is discoverable and shall be made available for the Plaintiffs to inspect and copy.

5. Interim financial statements for January 2022 to date are discoverable and shall be made available for the Plaintiffs to inspect and copy.

6. Federal and state tax returns for 2019, 2020, and 2021 are discoverable and shall be made available for the Plaintiffs to inspect and copy.

7. Monthly bank statements for January 2019 to date are discoverable and shall be made available for the Plaintiffs to inspect and copy.

8. The most recent version, if any, of an organization chart in existence as of July 1, 2022, whether in narrative or graphic form, showing the relationship between defendant companies and any and all affiliates of defendant companies is discoverable and shall be made available for the Plaintiffs to inspect and copy.

9. The most recent summary, if any, in existence as of July 1, 2022, whether in narrative or graphic form, describing contractual obligations owed to or by defendant companies and any and all affiliates of defendant companies is discoverable and shall be made available for the Plaintiffs to inspect and copy.

10. A copy of the initiating document (whether petition, complaint, or otherwise), in any lawsuits, arbitrations, or other formal legal proceedings commenced by or against defendant companies for January 1, 2017 to date is discoverable and shall be made available for the Plaintiffs to inspect and copy.

11. Any and all appraisals of property owned by defendant companies for January 1, 2017 to date, including but not limited to any desktop and/or

marine surveys are discoverable and shall be made available for the Plaintiffs to inspect and copy.

12. Any notices, liens, or levies for unpaid or underpaid taxes from the Internal Revenue Service and/or the Louisiana Department of Revenue for the years of 2019 through 2021 are discoverable and shall be made available for the Plaintiffs to inspect and copy.

13. All minutes from any meetings regarding the governance or operation of defendant companies for January 1, 2017, included but not limited to minutes of any meetings of members or managers are discoverable and shall be made available for the Plaintiffs to inspect and copy.

14. Documents, including promissory notes, authored from 2019 through 2021, reflecting any loans to any members of defendant companies or from any members of defendant companies, including payment or repayment history are discoverable and shall be made available for the Plaintiffs to inspect and copy.

15. The membership ledger of defendant companies and all membership certificates or other evidence of ownership interest issued from date of formation to date is discoverable and shall be made available for the Plaintiffs to inspect and copy.

16. The most recent valuation of membership or ownership interests in defendant companies is discoverable and shall be made available for the Plaintiffs to inspect and copy.

17. Any other items maintained as part of the formal books and records of defendant companies (but not their affiliates) are discoverable and shall be made available for the Plaintiffs to inspect and copy.

Our amendment of the district court's judgment takes into consideration the defendants' second and third assignments of error, in that any information in the

requested documents that does not fall within the criteria of La. R.S. 12:1319(A) is non-discoverable and does not have to be shared with the plaintiffs. Further, all financial and tax records from 2019 until the filing of the petition for writ of mandamus are relevant pursuant to La. R.S. 12:1319(A).

*Motion to Supplement Record*

A motion to supplement the record was filed in this court by the defendants on April 19, 2024 and referred to this panel on May 20, 2024. What the defendants seek to supplement into the record are emails between counsel concerning ongoing negotiations regarding the nature and scope of a confidentiality agreement just prior to the judgment on appeal being submitted to the district court. Prior to a confidentiality agreement being executed between the parties, the district court signed the judgment. The motion to supplement the record was filed after the instant appeal was lodged on March 27, 2024. The email correspondence in question was not admitted into evidence at the district court, and this court lacks jurisdiction to order evidence filed into the appellate record where it was never filed into the district court record. See *Slaughter v. Board of Sup'rs of Southern University and Agr. and Mechanical College*, 2010-1049 (La. App. 1 Cir. 8/2/11), 76 So.3d 438, 463, writ denied, 2011-2110 (La. 1/13/12), 77 So.3d 970.

The lack of a signed confidentiality agreement is also indicative of a lack of meeting of the minds of the parties. See *Medwick v. MADCON Corporation*, 2021-1620 (La. App. 1 Cir. 8/8/22), 348 So.3d 106, 112-113, writ denied, 2022-01352 (La. 11/6/22), 349 So.3d 991. Since the record does not contain a confidentiality agreement that is signed by the parties, we will not consider whether the items listed *supra* are subject to any confidentiality agreement or whether any restraining order should have been imposed by the district court. Accordingly, the first assignment of error is without merit, and the defendants' motion to supplement the appellate record is denied.

17

*Motion to Strike*

The plaintiffs have filed a motion to strike with this court, citing language in the defendants' brief as "direct, disparaging, and untrue statements, amounting to a personal attack upon [the plaintiffs], and also attack [Aaron Guidry's and Lauren Guidry Leyrer's] age." The plaintiffs contend the statement in question is "completely irrelevant to the issue before the Court … [The defendants'] remarks are not only untrue, but they are offensive, insulting, and discourteous. The remarks are also a personal attack upon Aaron Guidry."

Rule 2-12.2(B) of the Uniform Rules of Courts of Appeal prohibits language in briefs that include the use of vile, obscene, obnoxious, or offensive expressions, and insulting abusive, discourteous, or irrelevant matter or criticism of any person, class of persons, or association of persons. *Scarbrough v. Lynmar Holdings, LLC*, 2021-1566 (La. App. 1 Cir. 8/31/22), 349 So.3d 34, 40, writ denied, 2022-01474 (La. 11/22/22), 350 So.3d 500.

Uniform Rules of Courts of Appeal, Rule 2-7.2 provides that all written motions filed in an appellate court, in addition to the formatting, layout, and service requirements, *must include a proposed order.* In filing their motion to strike, the plaintiffs failed to attach or otherwise include a proposed order. See *Scarbrough*, 349 So.3d at 40-41. As such, we find the motion fails to comply with URCA Rule 2-7.2. For this reason, we deny the motion.

**DECREE**

The judgment of the 17th Judicial District Court is amended in part to conform to the instructions provided in this opinion, and is affirmed as amended. The motion to supplement the appellate record filed by the defendants is denied. The motion to strike filed by the plaintiffs is denied. Costs of this appeal are to be assessed equally among the parties.

**AMENDED IN PART, AND AFFIRMED AS AMENDED; MOTION TO SUPPLEMENT RECORD DENIED; MOTION TO STRIKE DENIED.**